Excell WILLIAMS, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 1277S810.

Supreme Court of Indiana.

April 17, 1979.

---

David M. Hamacher, Crown Point, for appellant.

Theo. L. Sendak, Atty. Gen., Kenneth R. Stamm, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Excell Williams, was convicted by a jury of delivery of a controlled substance and possession of a controlled substance. He was sentenced to twenty and ten years respectively and now raises the following issues in this direct appeal.

1. Whether the trial court erred in failing to grant defendant's motion to discharge based on an alleged violation of his right to a speedy trial;

2. Whether a sufficient chain of custody was shown for the admission of a heroin capsule;

3. Whether the trial court erred in not granting defendant's motion for mistrial;

4. Whether the trial court erred in denying defendant's motion for a directed verdict; and

5. Whether the trial court erred in admitting certain evidence over defendant's motion to suppress.

The facts from the record most favorable to the state can be briefly summarized as follows. A Gary police officer witnessed a transaction between defendant and another person wherein defendant sold a "white capsule" to the other person. Both individuals were arrested at the scene and the capsule was later identified as containing heroin.

I.

The defendant first contends that the trial court erred when it failed to grant his motion for discharge because of an alleged violation of his right to a speedy trial. The record shows that the defendant was originally arrested on May 12, 1976, at the scene of the incident but was held in custody less than one day at that time.

In November of 1976, the defendant moved for a dismissal of the charges against him on the grounds that the state's affidavit for probable cause was defective. This motion was granted and the charges were dismissed. A new affidavit for probable cause was filed on March 25, 1977, and defendant appeared in court on these charges on April 5, 1977. On April 12 1977, defendant filed his motion to dismiss on the basis that his right to a speedy trial had been violated.

The defendant contends that since he was not formally charged until 317 days after the alleged incident he has been denied his right to a speedy trial. We find that there is no merit to this contention. The right to a speedy trial applies to defendants who are being held in prison or under recognizance and who either have made a request for a speedy trial or have never been given a chance to make such a request. *Hart v. State,* (1973) 260 Ind. 137, 292 N.E.2d 814; *State v. Roberts,* (1977) Ind.App., 358 N.E.2d 181. In the instant case, the defendant was not being held in prison between the time of the incident and the time the second information was filed, and he had not made a request for a speedy trial. Furthermore, the second information filed against him in March, 1977, was well within the statute of limitations for the crime involved. There was no error in the denial of his motion for discharge.

II.

The defendant next contends that the state failed to show a proper chain of custody over the white heroin capsule. He bases this contention on the fact that there was conflicting testimony about the color of the capsule and its contents.

However, it is clear that the purpose of establishing a chain of custody concerning seized evidence is to show a complete chain of possession from the original receiver to the final custodian and thus lay a proper foundation connecting the evidence in question with the accused. *Mendez v. State,* (1977) Ind., 370 N.E.2d 323; *Jones v. State,* (1973) 260 Ind. 463, 296 N.E.2d 407. While a complete chain of custody must be established, the state is not required to exclude every remote possibility of tampering. *Mendez v. State, supra; Kolb v. State,* (1972) 258 Ind. 469, 282 N.E.2d 541.

In the instant case, the arresting officer, Cobie Howard, testified that he picked up the capsule when it was thrown to the ground during the arrest. He kept it in his hand until he gave it directly to a narcotics officer at the police station who conducted a field test on it. The field test was positive and Officer Howard then placed the capsule in a sealed envelope. He marked this envelope with the date, time, place, case number, and his signature. He identified the envelope introduced at trial as being that same envelope. Officer Howard described the capsule as a "white capsule with a white powder."

All the police officers who subsequently handled the sealed envelope testified that it was kept locked up at the police station until it was taken to a laboratory for further analysis about a week later. The chemist at the laboratory testified that the envelope was still sealed when he received it and that it contained a clear capsule with tan powder. This powder was tested and found to be heroin.

Under these facts, the chain of possession of the capsule from the original receiver to the laboratory chemist was completely established. Although the defendant argues that the discrepancy in the testimony as to the color of the capsule and powder might show that two different capsules were involved, the record clearly establishes a complete chain of possession for the specific capsule connected with the defendant. On the basis of *Mendez* and *Kolb*, since a complete chain of custody was established before the heroin was admitted into evidence, there was no error.

### III.

The defendant next contends that the trial court erred when he denied defendant's motion for mistrial after one of the state's witnesses mentioned the name of another individual, Clifford Lee, who was involved in another drug transaction with the defendant. At the beginning of the trial, the court had granted defendant's motion in limine prohibiting the admission of any testimony regarding Lee.

It is firmly established that the granting of a mistrial is within the trial court's discretion and will only be reversed upon an abuse of that discretion. *Biggerstaff v. State*, (1977) 266 Ind. 148, 361 N.E.2d 895. The specific statement which was objected to in the instant case was made by the police officer who was the narcotic properties clerk. He testified as follows:

"I was called to go to the Northwest Indiana toxocology [*sic*] laboratory in order to pick up some evidence on Clarence Glover and Clifford Lee—."

After this comment, there was a lengthy discussion between the court and the attorneys out of the presence of the jury. A motion for mistrial was made by defendant. The court stated that he would take the motion for mistrial under advisement to see how the prosecution would handle the situation. The court felt that an admonishment to the jury at this point would just call attention to the situation and imply that there was a connection between the defendant and Lee.

The prosecutor felt that appropriate questions could be immediately directed to the witness to show the jury that the officer was testifying about the routine procedure he followed on the day in question and that the mention of any other names was an inadvertent reference to other duties not connected with the instant case.

When the jury came back, the prosecutor asked the following questions:

Q. "Now officer, it is just the normal procedure to go to the tox lab to pick up the results on many different cases, isn't that correct?"

A. "Yes, sir."

Q. "Now, directing your attention to that date of July 21, 1976, and the Glover case, how many envelopes with respect to the Glover case did you pick up?"

Under these circumstances, although the mention of the name, Lee, was improper, in light of the isolated nature of the remark and the questions immediately following

which diminished any inference of a connection between the defendant and Lee, we do not believe the defendant was placed in such a position of grave peril that would require a declaration of a mistrial. *Biggerstaff v. State, supra; Maldonado v. State,* (1976) 265 Ind. 492, 355 N.E.2d 843.

### IV.

The defendant next contends that his motion for directed verdict should have been granted since the state failed to establish a prima facie case. He alleges that the state failed to establish the existence of a narcotic substance directly connected with the defendant. He also argues that the police officer's testimony concerning the money found on the defendant at the time of his arrest was irrelevant and so prejudicial that it denied him a fair trial.

We find no merit in either contention. We have already found that there was a sufficient chain of custody established to connect the heroin capsule to the defendant. The testimony of the police officer concerning the amount of money found on the defendant at the time of the arrest was admissible as concerning part of the transaction the officer personally observed. Although it is true that it is only necessary to prove delivery of a narcotic substance and not a sale, the amount of money involved in the instant case was not irrelevant since the officer actually saw money being handed to the defendant.

The admission of testimony is within the discretion of the trial court, and a trial judge has wide latitude in ruling on the relevancy of evidence. *Barnes v. State,* (1975) 263 Ind. 320, 330 N.E.2d 743. Since the testimony of the officer was relevant and the chain of custody of the heroin capsule was properly established, there was no error in denying defendant's motion for directed verdict.

### V.

The defendant's last allegation of error is that the court erred in denying his motion to suppress the evidence obtained at the time of his arrest. He argues that the arrest was not valid because there was no warrant and not a sufficient showing of probable cause. The arresting officer had personal knowledge that the defendant was previously involved with drugs. The officer was given information by a reliable police informant that the defendant was involved in selling drugs at the time of the incident. He personally observed the transaction involved in the instant crime. This was sufficient probable cause for the arrest and search. *Kindred v. State,* (1974) 160 Ind. App. 418, 312 N.E.2d 100; *Smith v. State,* (1971) 256 Ind. 603, 271 N.E.2d 133.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and PRENTICE, J., concur.

DeBRULER and PIVARNIK, JJ., concur in result.