**Dody A. BAKER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 25A03–9111–CR–345.**

Court of Appeals of Indiana,
Third District.

April 29, 1992.

Wayne E. Steele, Rochester, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Office of Indianapolis, for appellee-plaintiff.

HOFFMAN, Judge.

Appellant-defendant Dody A. Baker appeals his convictions for robbery while armed with a deadly weapon, a Class B felony, and conspiracy to commit robbery while armed with a deadly weapon, a Class B felony.

The facts relevant to the appeal disclose that on the evening of February 21, 1991, Tim Buell, a confidential informant for the Rochester Police Department and acquaintance of appellant's, went to appellant's apartment.[1] After engaging in general conversation for approximately one hour, Buell, appellant, Tim Jackson, and Jackson's sister walked to a nearby gas station. Once inside the station, appellant made a comment to Buell about "knocking the gas station off," but Buell did not believe appellant was serious. During the walk home, appellant informed Buell that he and Jackson intended to rob another gas station later that evening by attacking the attendant as he was depositing the money. Buell returned to his home a short time later and contacted the police regarding appellant's plan.

After talking to the police, Buell drove to the gas station appellant intended to rob then drove to appellant's apartment. At approximately 11:00 P.M., appellant put on a green Army jacket and a black mask. Appellant, Buell, and Jackson then drove to the gas station, but when they realized it was not yet closing time, they returned to appellant's apartment. While they were waiting, appellant drew a map to show Buell where to park during the robbery, and he discussed robbing another gas station that evening. Appellant then armed himself with a pellet gun and, shortly before midnight, the threesome returned to the gas station.

Appellant entered the station alone and robbed the attendant of approximately $330.00 at gunpoint. He then ran to the car, and Buell drove along the pre-planned escape route. A short time later, an unmarked police car that had been staked out across from the station forced them to stop. The police arrested appellant and transported him to police headquarters. After waiving his rights, appellant gave a statement to the police in which he confessed to the robbery and to other unrelated burglaries in the area.

Appellant raises two issues for review on appeal:

(1) whether the trial court denied appellant his right to a speedy trial pursuant to Ind.Crim. Rule 4(B)(1); and

(2) whether the trial court erred in admitting into evidence the second page of State's Exhibit No. 14, appellant's statement to the police.

■ Appellant claims the trial court denied him his right to a speedy trial pursuant to Crim.R. 4(B)(1). Crim.R. 4(B)(1) reads as follows:

"If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar. Provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as set forth in subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time."

---

1. This Court would note that the Statement of the Facts in appellant's brief is a summary of each witnesses' testimony rather than a narrative statement. This does not comply with Ind. Appellate Rule 8.3(A)(5). *Miller v. State* (1983), Ind.App., 449 N.E.2d 1119, 1120.

Under the rule, a court must discharge an incarcerated defendant who files a motion for speedy trial if the court does not try the defendant within 70 days of the motion and none of the exceptions apply. However, if the court releases the defendant on his own recognizance during the 70–day period, the defendant has no recourse under Crim.R. 4(B) because he is not in jail. Rather, Crim.R. 4(C) applies, and the court must try the defendant within one year of his arrest or the filing of charges, whichever is later.

Appellant filed his motion for speedy trial on March 15, 1991; therefore, the court should have scheduled his trial for a date on or before May 24, 1991. At the pre-trial conference on March 25, 1991, the court scheduled the trial for May 21, 1991, a date within the 70–day period; however, on May 9, 1991, the court continued the trial to June 24, 1991 due to the congestion of its calendar. The State then moved to re-schedule the trial due to the court's congested calendar, and the court rescheduled the trial for June 26, 1991, which was the date appellant's trial commenced.

■ Our Supreme Court has repeatedly held that a trial court may, on its own motion or on the motion of the prosecutor, continue a trial date due to a congested court calendar.

> *See, e.g., Gee v. State* (1988), Ind., 526 N.E.2d 1152, 1153;
>
> *Gillie v. State* (1984), Ind., 465 N.E.2d 1380, 1386;
>
> *Jordan v. State* (1982), Ind., 435 N.E.2d 257, 258.

"The reasonableness of such delay must be judged in the context of the particular case, and the decision of the trial judge will not be disturbed except for an abuse of discretion." *Gillie* at 1386, *citing Loyd v. State* (1980), 272 Ind. 404, 409, 398 N.E.2d 1260, 1265. Here, the trial court noted that an ongoing civil trial precluded a trial date before June 24, 1991, and that previously-scheduled domestic, criminal, and juvenile matters precluded a trial date before June 26, 1991. Although the right of the accused to a speedy trial stands higher than similar rights of civil litigants, civil settings need not always give way to criminal settings required by the time limitations in Crim.R. 4. *Gill v. State* (1977), 267 Ind. 160, 165, 368 N.E.2d 1159, 1162. In the instant case, the civil trial had been in progress for 4 weeks at the time the court made its first decision to continue appellant's trial, and the civil trial required an additional 12 days to conclude, not counting weekends and holidays. At the time the court made its second decision to continue appellant's trial, the calendar revealed a substantial number of domestic, criminal, and juvenile matters scheduled for June 24 and June 25 with absolutely nothing scheduled for June 26 or June 27. Accordingly, on both occasions, the court's decision to continue appellant's trial was reasonable and did not constitute an abuse of discretion.

■ Appellant also alleges that the trial court erred in admitting into evidence the second page of State's Exhibit No. 14, his statement to the police. The first page of the statement contained appellant's confession to the instant offense while the second page contained his confession to various unrelated burglaries in the area. Specifically, appellant alleges that the second page was irrelevant and that its prejudicial value outweighed any probative value.

■ As both parties note, evidence of criminal activity other than that charged is generally inadmissible regarding the question of guilt. *Hawn v. State* (1991), Ind. App., 565 N.E.2d 362, 365. However, as the State notes, appellant himself admitted into evidence Tim Buell's videotaped statement to the police which contained numerous references to appellant's comments about committing various burglaries in the area. The admission of evidence which is merely cumulative of other evidence does not constitute reversible error. *Heck v. State* (1990), Ind., 552 N.E.2d 446, 453. Moreover, even assuming the admission of the second page of the statement was error, the error was harmless due to the overwhelming evidence of appellant's guilt. *See Grass v. State* (1991), Ind., 570 N.E.2d

32, 33. The judgment of the trial court is affirmed.

Affirmed.

GARRARD and CHEZEM, JJ., concur.