Dennis DUBINION, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9111–CR–484.

Court of Appeals of Indiana, Second District.

Oct. 1, 1992.

Transfer Denied Nov. 12, 1992.

Fran Quigley, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen. of Indiana and Gary Damon Secrest, Deputy Atty.

Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

SHIELDS, Judge.

Dennis Dubinion appeals his conviction of battery, a class A misdemeanor.[1] We affirm.

## ISSUES

1. Whether Dubinion was denied effective assistance of counsel.

2. Whether the evidence is insufficient to sustain his conviction.

## FACTS

During the early morning hours of December 20, 1990, Dubinion struck his wife, Wanda, as she was getting into her car to go to work. Wanda suffered a bruise on her head and back pain.

On January 3, 1991, an information charging Dubinion with battery was filed and a warrant for his arrest issued. At some point in time Dubinion was arrested and placed in custody. Dubinion's initial hearing was held on January 9, 1991. Dubinion appeared in court with a public defender for a pretrial conference on February 5, 1991, although it was not until March 11, 1991, that he was first found indigent and a public defender appointed. Dubinion claims he filed an Ind.Crim.Rule 4(B)(1) motion for speedy trial on January 29, 1991. Forty-one days later, on March 11, 1991, Dubinion was released from custody. At some point, Dubinion was reincarcerated. On July 3 and July 11, 1991, Dubinion filed motions for discharge under Crim.R. 4(B), both of which were denied. Dubinion was tried, convicted, and sentenced on July 11, 1991.

At the hearing on the second motion for discharge Dubinion introduced Exhibit P. Exhibit P is a copy of a motion for speedy trial, signed by a Marion County Municipal Court public defender, bearing the subject cause number and a January 29, 1991 file date stamp, and containing the notation of the presiding judge, dated January 31, 1991, that the motion is granted and the cause set for jury trial. The notation also indicates that the cause previously had been set for a pretrial conference on February 8, 1991.

The only speedy trial motion the record shows filed or the trial court's packet contained is a motion bearing an April 29, 1991 file date stamp.[2] Also, prior to June, 1991, when Dubinion was tried in the same court on another pending cause, the public defender's file in this cause did not contain a copy of Exhibit P or any notation or indication that it had been filed or ever existed. Dubinion appeared in court in this other cause for his initial hearing on January 2, 1991. At that time, he requested and received a public defender, and a pretrial conference in the matter was set for February 8, 1991.

## DISCUSSION AND DECISION

### I.

Dubinion claims the "Marion County Municipal Court Public Defender's Office, because of its systematic financial inability to provide [him] with consistent attorney representation during the pretrial proceedings of this case" denied him effective assistance of counsel. Appellant's Brief at 5. His argument revolves around his claim he filed a Crim.R. 4(B) written request for a speedy trial in this cause on January 29, 1991.

The evidence recited above supports the trial court's determination that Dubinion did not file a motion for speedy trial in this cause on January 29, 1991. Therefore, the

1. See IC 35-42-2-1 (1988).

2. We note that seventy-three days lapsed between April 29, 1991, and July 11, 1991, the date on which Dubinion was tried, convicted, and sentenced. However, a June 10, 1991, trial date was continued on Dubinion's motion, and he did not object to the July 11, 1991 trial date when it was set on June 11, 1991. Also, in

*Kutscheid v. State* (1992), Ind., 592 N.E.2d 1235, our supreme court concluded that trial counsel's failure to object to a violation of Kutscheid's Crim.R. 4 speedy trial rights "was an acceptable choice of strategy" and further opined that "the Crim.R. 4 waiver did not occasion sufficient prejudice for reversal because his defense was not impaired thereby." *Id.* at 1240.

trial court did not err in denying his motions for discharge; his speedy trial right, based on the alleged January motion, had not been violated.

■ In any event, assuming Dubinion had filed a speedy trial request on January 29, 1991, the trial court did not err in denying his motions for discharge. The record reflects that Dubinion was released on bond on March 11, 1991, within the seventy day period, and remained out of custody for at least eighteen days.[3] Once Dubinion was released from custody, he lost the benefit of Crim.R. 4(B). As in other situations where a defendant's Crim.R. 4(B) right is waived by action inconsistent with his request for a speedy trial, Dubinion was required to file a new Crim.R. 4(B) motion when he was reincarcerated. See *Baker v. State* (1992), Ind. App., 590 N.E.2d 1126, 1128 ("[I]f the court releases the defendant on his own recognizance during the 70-day period, the defendant has no recourse under Crim.R. 4(B) because he is not in jail."); *Williams v. State* (1979), 270 Ind. 573, 387 N.E.2d 1317, 1319 ("The right to a speedy trial applies to defendants who are being held in prison or under recognizance."); *Minneman v. State* (1982), Ind., 441 N.E.2d 673, 677, *cert. denied*, (1983), 461 U.S. 933, 103 S.Ct. 2099, 77 L.Ed.2d 307 ("When a defendant files a motion for early trial under Ind.R.Crim.P. 4(B), such filing constitutes an abandonment of previous motions for early trial filed by that defendant."). Indeed, Dubinion filed a motion for speedy trial on April 29, 1991.

Because Dubinion was not denied his speedy trial right arising from a motion for speedy trial, allegedly filed January 29, 1991, his ineffective assistance of counsel argument based upon that motion is without merit.

### II.

■ Dubinion's attack on the sufficiency of the evidence to sustain his conviction is an attack upon the credibility of the victim. The credibility of a witness is the prerogative of the fact finder, not this court. We will not reweigh the evidence.

Judgment affirmed.

BUCHANAN, J., concurs.

SULLIVAN, J., concurs, with separate concurring opinion.

SULLIVAN, Judge, concurring.

This case vividly demonstrates the need for a dramatic and substantial revision of the Marion County Municipal Court system including most prominently the Municipal Court Public Defender system, the record keeping system and the calendaring of cases. More particularly, for instance, the chronological case summary should be made comprehensive and all inclusive. Its appearance and contents should be standardized whether prepared by way of computer or otherwise.

---

**3.** The record fails to reveal the date Dubinion was re-arrested. The information was filed and the warrant ordered issued on January 3, 1991. Assuming he was arrested on January 3, 1991, 188 days lapsed between January 3, 1991, and July 11, 1991, the date he was sentenced. However, because he received only 164 days credit on his sentence Dubinion apparently was released on bond for twenty-four days. Alternatively, if he was not arrested until his initial hearing appearance on January 9, 1991, he was released on bond for eighteen days.