Gary Curtis WILLIAMS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 44S00–9212–CR–01027.

Supreme Court of Indiana.

April 18, 1994.

Kevin L. Likes, Auburn, for appellant.

Pamela Carter, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, Tim J. Cain, Pros. Atty., LaGrange, for appellee.

DICKSON, Justice.

For convictions of conspiracy to commit murder and aiding in a burglary, both class A felonies, defendant-appellant Gary Curtis Williams received consecutive sentences of 50 years on each count, with 10 years suspended. In this direct appeal, he raises three issues: (1) whether his right to a speedy trial was violated, (2) whether it was error for the trial court to refuse to appoint a special prosecutor, and (3) whether his sentence is manifestly unreasonable or improper.

On August 26, 1991, the defendant enlisted the assistance of Douglas Huey and Mike Guernsey to execute his plan to obtain money and drugs from Rodney Schrock. The defendant provided Huey and Guernsey with a sawed-off shotgun, a loaded revolver, a knife, handcuffs, and a description of the interior of Schrock's residence, including the location of a bedroom safe thought to contain drugs and money. The three men drove to Schrock's house, whereupon Huey and Guernsey exited the car, confronted Schrock and his girlfriend, announced the robbery, and threatened to kill. They ordered the victims into the residence, handcuffed the girlfriend, and threatened and assaulted Schrock while demanding his money. Schrock discharged a handgun at Huey who returned fire. Neither shot struck a victim, although the bullet from Huey's gun struck a wall in close proximity to the girlfriend's four-year-old child. Huey and Guernsey then ran to Guernsey's vehicle where the defendant was waiting in the driver's seat. Huey and Guernsey were apprehended and subsequently implicated the defendant.

### Speedy Trial

■ The defendant first contends that his conviction should be reversed and the charges dismissed because the State failed to bring him to trial within the time period required by Ind.Crim.Rule 4(B)(1), which provides:

If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar. Provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as set forth in subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time.

On September 19, 1991, while incarcerated, the defendant filed a motion for speedy trial. Without objection, the trial court set, as a trial date Monday, December 2, 1991, 70 days after the speedy trial request, exclusive of the Thanksgiving holidays of November 28–29 and the following Saturday and Sunday. On December 2, 1991, the trial court conducted a hearing where, over the defendant's renewed objection to a continuance and an objection for the resetting of a trial date to a later date, the trial was set for March 9, 1992, and the defendant was ordered released on his own recognizance. The trial ultimately commenced on August 24, 1992, less than one year after the charges were filed.

The defendant argues that that Crim.R. 4(B) requires that a defendant be brought to trial within 70 days of a motion for early trial. The State asserts that, because the defendant was released from incarceration within the 70-day period, the requirements of Crim.R. 4(B) were satisfied.

The State is correct. *Baker v. State* (1992), Ind.App., 590 N.E.2d 1126, 1128. The purpose served by Crim.R. 4(B) is to prevent a defendant from being detained in jail for more than 70 days after requesting an early trial. This objective was satisfied. A non-incarcerated defendant's right to speedy trial

is implemented by the one-year limitation imposed by Ind.Crim.Rule 4(C).[1] Once released from custody, a defendant receives no further benefit from Crim.R. 4(B). *Dubinion v. State* (1992), Ind.App., 600 N.E.2d 136, 138.

### Prosecutor Disqualification

The defendant next contends that he is entitled to a new trial because of the failure of the LaGrange County Prosecutor to recuse himself or of the trial court to grant the request for appointment of a special prosecutor. The defendant asserts that an apparent conflict of interest arose because Denise Robinson, who had become a deputy prosecuting attorney on June 15, 1992, before the defendant's trial, formerly served as defense attorney for one of the original codefendants, Douglas Huey, and negotiated a plea agreement dated April 29, 1992, that required Huey's testimony against the defendant. The defendant also claims that his attorney provided Robinson with information about the case before she concluded her representation of Huey.

This Court has held that "[t]he precepts of professional ethics forbid the participation of a lawyer in the prosecution of a criminal case if by reason of his professional relation with the accused, he has acquired a knowledge of facts upon which the prosecution is predicated or which are closely interwoven therewith." *State v. Tippecanoe County Court* (1982), Ind., 432 N.E.2d 1377, 1378. *See also Fadell v. State* (1983), Ind., 450 N.E.2d 109, 120; *Banton v. State* (1985), Ind.App., 475 N.E.2d 1160, 1163–64; *Walker v. State* (1980), Ind.App., 401 N.E.2d 795, 796. The test to be applied is:

> [A] lawyer must be disqualified if it is shown that the controversy involved in the pending case is substantially related to a matter in which the lawyer previously represented another client. This test must be applied to the facts of each case to determine whether the issues in the prior and present cases are essentially the same or are closely interwoven therewith.

*Tippecanoe County Court*, 432 N.E.2d at 1378 (citations omitted). The public trust in the integrity of the judicial process requires that any serious doubt be resolved in favor of disqualification. *Id.* at 1379.

However, "[i]t is not necessary to disqualify a prosecutor's entire staff or to dismiss an indictment because a deputy prosecutor has a conflict of interest," where it is not clear from the record that a deputy prosecutor received confidential information from a defendant or that such information has provided assistance to the prosecution. *Daugherty v. State* (1984), Ind.App., 466 N.E.2d 46, 50. Moreover, it is appellant's burden on appeal to show that prejudice actually has resulted from prosecution by an individual who previously represented him as a public defender. *Flowers v. State* (1985), Ind., 481 N.E.2d 100, 103, *appeal on remand* (1988), Ind., 518 N.E.2d 1096.

This case is unlike *Banton*, 475 N.E.2d at 1163, in which attorney John Meyers as a public defender had represented one codefendant and later, after becoming the Tippecanoe County Prosecutor, entered his appearance for the State to prosecute the other codefendant in "*exactly the same matter.*" *Id.* at 1164 (emphasis in original).

> The cause number is the same, the court is the same, and most important, the same set of facts are necessary to convict Banton as were necessary to achieve prosecution of [codefendant] Chadwell.... Indeed, Chadwell testified he told Meyers everything concerning the crimes alleged, including material he would not reveal to the prosecutor, when Meyers represented him as public defender. The prejudicial effect on Banton's case is readily apparent. The prosecution, via a previous relationship with the same case, knew the details of Banton's case because Chadwell's case was, in effect, Banton's case.

*Id.* Emphasizing the unique facts of the case, including the fact that a recusal or disqualification of Meyers as *the* county prosecutor would thereby disqualify his deputy

---

1. Crim.R. 4(C) provides in pertinent part: "No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed...."

prosecutors, the *Banton* court found trial court error in denying Banton's motion to disqualify Meyers as prosecutor.

In the present case, the trial court denied the defendant's motion for appointment of a special prosecutor following a hearing at which several witnesses testified. The deputy prosecutor, Robinson, stated that she did not disclose to the prosecutor any written or verbal information gained from the defendant's counsel during her representation of Huey. She also indicated that she and the prosecutor had never discussed any details regarding the pending prosecution of the defendant, except during her representation of Huey. Robinson had not in any way participated in the prosecution of the defendant and did not participate at his trial.

■ Reviewing the unique facts of this case, we find that the defendant has failed to demonstrate that the deputy prosecutor participated in the prosecution of the defendant, or that she provided any information or assistance to the prosecutor in this case. While the cases of the defendant and Huey were closely interwoven, there is no prejudice shown to have resulted from the deputy prosecutor's prior representation of Huey. Such representation is not imputed to the prosecutor during the defendant's trial merely by reason of his employment of Robinson as a deputy. We decline to find error in the trial court's denial of the defendant's motions to recuse the prosecuting attorney and for appointment of special prosecutor. .

*Sentence*

The defendant seeks to be resentenced, asserting that his aggregate sentence is unconstitutionally disproportionate, that it is manifestly unreasonable, and that his sentence for conspiracy to commit murder should merge with his sentence for aiding burglary.

■ Claiming his total sentence to be disproportionate under both federal and state constitutional provisions, the defendant cites the four-year sentences given each of the other two participants in the crime upon their guilty pleas and stresses their principal role in the violence that occurred. When a

defendant proceeds to trial and his accomplice pleads guilty, "the sentences need not be identical" and "there is no requirement of consistency." *Morgan v. State* (1981), 275 Ind. 666, 673, 419 N.E.2d 964, 969. Although the defendant contends that his sentence was effectively a punishment for exercising his right to a jury trial, remand for resentencing upon this issue is not required "[a]bsent a significant indicia that the defendant's exercise of his jury trial right may have contributed to the severity of his resulting sentence." *Hill v. State* (1986), Ind., 499 N.E.2d 1103, 1107. We discern no such indicia here.

In his sentencing statement, the trial court judge noted numerous aggravating factors supporting his decision to enhance each sentence and order them to be served consecutively. Particularly significant among these were the following findings:

> [T]his in fact was a for-hire crime that the defendant orchestrated by planning and by driving and by setting [the victim] up and by disposing of the weapon.... The Court further finds that this crime caused and threatened serious bodily harm to persons or property in that the home was invaded by bullets and the safety of a four-year-old child was involved. The Court finds that this crime would likely reoccur if the defendant is put back on the streets.

Record at 373–74. Considering the nature and gravity of the offense, we do not find the sentence to be unconstitutionally disproportionate.

■ The defendant further contends that his sentence for conspiracy to commit murder and his sentence for aiding a burglary should merge so that he is sentenced for only one of the two charges. He argues not only that the two charges arise from the same sequence of events, but also that the alleged overt act and substantial step necessary to prove each charge are identical since he was not alleged to have entered the subject residence.

The determination of whether convictions should be merged is based on double jeopardy principles. *Swafford v. State* (1986), Ind., 498 N.E.2d 1188, 1191.

The focus of such analysis is on whether the offenses charged are the same and not on whether the offenses arose from the same act or operative circumstances. For purposes of double jeopardy, offenses are not considered to be the same if each requires proof of at least one element not included in the other.

*Id.* (citations omitted). The prosecution was required to prove different elements to obtain the convictions for conspiracy to commit murder, Ind.Code §§ 35–41–5–2 and 35–42–1–1(2), and for aiding burglary, Ind.Code §§ 35–43–2–1 and 35–41–2–4. Proof of agreement with another person to commit murder and an act in furtherance of the agreement were required for the conspiracy count but not for the aiding burglary count. Likewise, the elements of breaking and entering and inflicting serious bodily injury were required to prove the aiding burglary charge but not conspiracy to commit murder. The defendant is not entitled to a merger of these offenses and a sentence upon only one charge.

Finally, this Court may revise a sentence where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. Ind.Appellate Rule 17(B)(1). Here, however, we find that the defendant's perfunctory claim of manifest unreasonableness is waived by reason of his failure to present any cogent argument, supporting reasons, or citation to relevant authorities, as required by Ind.Appellate Rule 8.3(A)(7).

The judgment of the trial court is affirmed.

SHEPARD, C.J., and GIVAN and SULLIVAN, JJ., concur.

DeBRULER, J., dissents with opinion.

DeBRULER, Justice, dissenting.

A premise of Ind.Crim.Rule 4(B)(1) is that where the trial court is open and available, and the defendant does not stall the case, seventy days is a reasonable period of time for the State to prepare for the trial of a criminal case and get it to trial. Another premise is that a trial within seventy days should be available to those held in jail, accused of crime, and who actually maintain a desire for such a quick trial for the full seventy day period as their knowledge of their circumstances grows.

Crim.Rule 4(B)(1) is silent with respect to the occurrence of a release of a defendant on bail or on his own recognizance, after having, while in jail, made a motion for a seventy day early trial. The rule, on the other hand, is perfectly clear that being held in jail is a necessary condition to making such motion in the first instance, and that the seventy day period commences upon the proper filing of the motion, and concludes seventy days later, except in specifically stated circumstances. An order of court that the defendant be released on his own recognizance or the actual release of the defendant on bail, during the running of the seventy day period, is not such an exceptional circumstance, and should not be. In the usual case as in the case at bar, after the motion has been filed and the seventy day period has begun to run, by reason of the shortness of the seventy day period, the trial court and both parties will have expended much effort in preparing for the oncoming trial with full knowledge of its scheduling. It was not within the intendment of this rule that such values be lost because of the changed circumstances of the defendant's confinement. The values of this rule are best preserved by making its full acquittal-discharge remedy available to the class of all those who are in jail facing a criminal charge, and who, while in jail, file a motion for early trial of such charge, and who thereafter maintain a position consistent with that motion for seventy consecutive calendar days.