**Edward BARTLEY, Jr., Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 22A01–0303–CR–84.**

Court of Appeals of Indiana.

Dec. 12, 2003.

William P. McCall, Jeffersonville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Edward Bartley, Jr. brings this interlocutory appeal from the trial court's denial of his Motion to Dismiss under Indiana Criminal Rule 4(B). Bartley raises a single issue for review, namely, whether the trial court erred when it denied his Criminal Rule 4(B) motion.

We affirm.

### FACTS AND PROCEDURAL HISTORY

On July 30, 2002, the State charged Bartley with Dealing in Cocaine, as a Class A felony, and Possession of Cocaine, as Class C felony. On October 3, 2002, Bartley filed his Motion for Fast and Speedy Jury Trial, and the trial court scheduled trial for December 2, 2002. However, Bartley was not tried on December 2, and the record does not reflect why the trial did not proceed as scheduled. The Chronological Case Summary ("CCS") does not

show a motion to continue by either party, or that the court continued the trial on its own motion.

On or about December 12, 2002, Bartley filed a Motion to Dismiss under Criminal Rule 4(B).[1] The State objected to that motion and alleged that: (1) Bartley's motion was premature; and (2) the State had agreed to release Bartley on his own recognizance as of December 11. The trial court ordered Bartley released on his own recognizance on December 12 and denied his motion to dismiss. In January 2003, during a hearing on Bartley's motion to certify the issue for interlocutory appeal, the court concluded that it had denied his motion to dismiss because the State had moved that Bartley be released from jail before the seventieth day had elapsed. The court granted Bartley's motion to certify the matter for interlocutory appeal, and this appeal ensued.

### DISCUSSION AND DECISION

■ Bartley asserts that the trial court erred when it denied his motion to dismiss because the State failed to bring him to trial within seventy days under Criminal Rule 4(B). We review this matter de novo. *Kirby v. State*, 774 N.E.2d 523, 530 (Ind. Ct.App.2002), *trans. denied.*

When Bartley moved for a speedy trial on October 3, 2002, he invoked the procedures and deadlines of Criminal Rule 4(B)(1), which provides in relevant part:

If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar.

In addition, subsection (B)(2) provides that in computing the time under Rule 4(B),

... each and every day after the filing of such motion for early trial shall be counted, including every Saturday, every Sunday, and every holiday excepting only, that if the seventieth (70th) day should fall upon a Saturday, a Sunday, or a holiday, then such trial may be commenced on the next day thereafter, which is not a Saturday, Sunday, or legal holiday.

■ In *Williams v. State*, 631 N.E.2d 485, 486 (Ind.1994), our supreme court stated that "[t]he purpose served by Crim. R. 4(B) is to prevent a defendant from being detained in jail for more than 70 days after requesting an early trial." Further, "[a] non-incarcerated defendant's right to speedy trial is implemented by the one-year limitation imposed by Ind.Crim. R. 4(C)." *Id.* at 486–87. Indeed, the court determined in *Williams* that where a defendant is released from incarceration within the seventy-day period under Rule 4(B), that defendant "receives no further benefit from Crim. R. 4(B)." *Id.* at 487. In addition, our courts have consistently held that "when a motion for discharge for a Criminal Rule 4 violation is made prematurely, it is properly denied." *Stephenson v. State*, 742 N.E.2d 463, 487, n. 21 (Ind. 2001), *cert. denied*, 534 U.S. 1105, 122 S.Ct. 905, 151 L.Ed.2d 874 (2002); *see also Bell v. State*, 622 N.E.2d 450, 454 (Ind.1993)

---

1. The record is not clear on what date Bartley filed his Rule 4(B) motion to dismiss. The CCS shows that he filed the motion on December 12. However, both at the hearing and on appeal, Bartley asserts that he filed his motion on December 10. In support, Bartley points out that the State filed its objection to his motion on December 11. In any event, the date on which Bartley filed his motion is not dispositive.

("[A] defendant must not prematurely file a motion for discharge pursuant to Crim. R. 4."); *Bell v. State,* 610 N.E.2d 229, 232 (Ind.1993) (holding no error in denial of motion for discharge where defendant's motion was filed on sixty-first day of seventy-day time period); *Hornaday v. State,* 639 N.E.2d 303, 309 (Ind.Ct.App.1994) (stating motion to dismiss properly denied where defendant filed motion on sixty-ninth day of seventy-day period), *trans. denied.*

Again, Bartley filed his Criminal Rule 4(B) motion on October 3, 2002. Bartley admits, and the calculation set forth at subsection (B)(2) of the rule shows, that the seventieth calendar day after Bartley filed his motion was December 12, 2002. Regardless of whether Bartley filed his motion to dismiss on December 10 or December 12, either motion would have been premature because the seventy-day period under Rule 4(B) had not yet expired. Thus, the trial court properly denied Bartley's motion.

■ Moreover, the trial court ordered Bartley released on his own recognizance on December 12. Given that the purpose of Rule 4(B) is to prevent a defendant from being detained in jail *for more than* 70 days after requesting an early trial, the objective of the rule was satisfied in this case. *See Williams,* 631 N.E.2d at 486. Since Bartley is no longer incarcerated on the instant charges, his speedy trial rights are now governed by Criminal Rule 4(C). *See id.* at 487.

■ Still, Bartley asserts that his "due process rights" were violated: (1) when the State did not try him on December 2; and (2) by the State's ex parte motion to release him on his own recognizance. Regarding his first contention, Bartley points out that he had a petition to revoke pending in the Commonwealth of Kentucky and that that petition was based on the instant charges in Indiana. He claims that he sought the dismissal of the instant charges to prevent the revocation of his probation in Kentucky. However, he does not explain why these facts show that he had a "due process right" to be tried on December 2. In addition, he fails to cite to any authority to support his contention that the State's ex parte motion seeking his release was improper and that a written motion was required. It is well established that a party's failure to provide proper citation to authority results in waiver. *See Diaz v. State,* 753 N.E.2d 724, 729 (Ind.Ct.App.2001), *trans. denied.* We conclude that the trial court did not err when it denied Bartley's motion to dismiss under Criminal Rule 4(B).

Affirmed.

BAKER, J., and MAY, J., concur.