Sunder UPSHAW, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–1003–CR–239.

Court of Appeals of Indiana.

Sept. 22, 2010.

Transfer Denied Dec. 10, 2010.

Matthew D. Anglemeyer, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Andrew R. Falk, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Chief Judge.

Appellant-defendant Sunder Upshaw appeals following his convictions for Dealing in Cocaine,[1] a class B felony, Possession of Marijuana,[2] a class A misdemeanor, and Driving While Suspended with a Prior Misdemeanor Conviction,[3] a class A misdemeanor. Upshaw argues that the trial court erred by denying his motion to dismiss for an alleged violation of his right to a speedy trial pursuant to Indiana Criminal Rule 4(B). He also contends that there is insufficient evidence supporting his convictions for dealing in cocaine and driving while suspended with a prior misdemeanor conviction.

The State concedes that there is insufficient evidence supporting Upshaw's conviction for driving while suspended with a prior misdemeanor conviction. Consequently, we reverse that conviction. Finding sufficient evidence supporting the dealing in cocaine conviction and no other error, we affirm in all other respects and remand with instructions to amend the judgment of conviction consistently with this opinion.

1. Ind.Code § 35–48–4–1.

2. I.C. § 35–48–4–11.

*FACTS*

On March 27, 2009, Indianapolis Police Officer David Drane observed a vehicle traveling at a high rate of speed, traveling into oncoming traffic, and crossing the double yellow line to pass other vehicles. Officer Drane initiated a traffic stop, and after the vehicle came to a standstill, Upshaw exited. No one else was in the vehicle. The officer obtained Upshaw's identification, ordered Upshaw to get back in the vehicle, checked with his dispatcher, and learned that Upshaw had a suspended license.

As Officer Drane radioed for backup, he observed Drane moving towards the center console of the vehicle, holding something, and moving his hand toward his mouth. When other officers arrived, Officer Drane directed Upshaw to exit the vehicle. Upon exiting, Upshaw shouted, "I'm a dealer, I sell narcotics." Tr. p. 90, 122. One of the other officers took custody of Upshaw because he was "acting out," *id.* at 122, and Officer Drane advised Upshaw that he was under arrest for driving while suspended.

The other police officers observed substances later identified as marijuana and crack cocaine on the driver's seat, where Upshaw had been sitting. As Upshaw was being taken to the rear of his vehicle, he threatened the officers and kicked at them. After Officer Drane advised Upshaw of his rights, Upshaw responded that he understood his rights, calling Officer Drane "you bitch" and continuing to kick at the officers. *Id.* at 99–100, 102, 130. Officer Drane walked back towards Upshaw's vehicle to inspect the substances on the driver's seat, and Upshaw yelled, "[y]eah, that's mine, bitch," and "I sell drugs.

3. Ind.Code § 9–24–19–2.

That's mine, I sell drugs." *Id.* at 100, 159–60. Upon reaching the vehicle, Officer Drane observed plastic baggies on the vehicle's passenger seat and "ground up white chunks and green marijuana-like seeds" on the floorboard. *Id.* at 97, 102. Throughout the time Officer Drane was inspecting the vehicle, Upshaw was shouting, "You bitch, that's mine. I sell drugs." *Id.* at 102. In a search incident to Upshaw's arrest, the officers found $116 and a torn marijuana baggie in Upshaw's pants pocket.

On March 30, 2009, the State charged Upshaw with class B felony dealing in cocaine, class D felony possession of cocaine, class A misdemeanor and class D felony possession of marijuana, and class A misdemeanor driving while suspended with a prior misdemeanor conviction. On June 17, 2009, the State amended the charging information, adding charges of class B felony possession of cocaine, class A felony dealing in cocaine, and a habitual substance offender enhancement.

On August 4, 2009, Upshaw filed a motion for a speedy trial pursuant to Criminal Rule 4(B). The trial court granted the motion on August 11, found that the deadline was October 13, 2009, and set a trial for October 8, 2009.

On October 6, 2009, the State filed a motion to continue the trial because of the unavailability of key witnesses. The trial court denied the State's motion on October 7, and on October 8, released Upshaw on his own recognizance. The trial court reset Upshaw's trial for March 1, 2010.

Less than three weeks later, on October 27, the State moved to revoke Upshaw's bond in this case following his arrest in another, unrelated matter for class A misdemeanor battery of a police officer. The trial court granted the motion the same day.

On November 11, 2009, Upshaw renewed his motion for a fast and speedy trial. The trial court granted the motion, found that the new speedy trial deadline was January 11, 2010, and set the trial for December 28, 2009.

On December 1, 2009, Upshaw moved to dismiss, arguing that the Rule 4(B) fast and speedy deadline had passed. The trial court denied Upshaw's motion, finding that his "release status was revoked due to obtaining new and additional criminal charges." Appellant's App. p. 67–68.

Following Upshaw's January 7, 2010, bench trial, the trial court found him guilty of class B felony dealing in cocaine, class D felony possession of cocaine, class A misdemeanor possession of marijuana, class A misdemeanor driving while suspended with a prior misdemeanor conviction, and adjudged Upshaw to be a habitual substance offender. The trial court merged the possession of cocaine conviction into the dealing in cocaine conviction. The trial court sentenced Upshaw to eight years for dealing in cocaine, to one year each for possession of marijuana and driving while suspended with a prior misdemeanor conviction, to be served concurrent with the eight-year dealing sentence, and imposed a one-year enhancement for being a habitual substance offender. Upshaw, therefore, received an aggregate nine-year sentence, and now appeals.

## DISCUSSION AND DECISION

### I. Fast and Speedy Trial

Upshaw first argues that the trial court should have dismissed the charges because of an alleged failure to hold his trial within the seventy-day deadline provided by Criminal Rule 4(B). There appears to be a disagreement about the proper standard of review to apply to appeals pursuant to Criminal Rule 4. *Compare Mork v. State,*

912 N.E.2d 408, 410 (Ind.Ct.App.2009) (applying a de novo standard of review) *and Bartley v. State,* 800 N.E.2d 193, 195 (Ind. Ct.App.2003) (same) *with Bowman v. State,* 884 N.E.2d 917, 919 (Ind.Ct.App. 2008) (applying an abuse of discretion standard), *trans. denied, and Paul v. State,* 799 N.E.2d 1194, 1197 (Ind.Ct.App. 2003) (applying a clearly erroneous standard). We need not resolve this dispute, however, inasmuch as we affirm on this issue regardless of the standard applied.

■ Pursuant to Criminal Rule 4(B), a defendant

> shall be discharged if not brought to trial within seventy (70) calendar days from the date of [a speedy/early trial motion], except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar.

In other words, " 'the State has an affirmative duty to try an incarcerated defendant who requests a speedy trial within seventy days.' " *State v. Jackson,* 857 N.E.2d 378, 380 (Ind.Ct.App.2006) (quoting *McKay v. State,* 714 N.E.2d 1182, 1186 (Ind.Ct.App. 1999)).

■ Here, Upshaw's seventy-day time period was triggered when he filed his motion for a speedy trial on August 4, 2009, pursuant to which the trial court set his trial for October 8, 2009. When the State realized that its key witnesses were unavailable at that time, however, the trial court vacated the trial date and released Upshaw on his own recognizance. This court has explained that "the purpose of Rule 4(B) is to prevent a defendant from being detained in jail *for more than* 70 days after requesting an early trial...." *Bartley,* 800 N.E.2d at 196 (emphasis in original). Because Upshaw was released

from jail before the seventy-day period had expired, the objective of the Rule was satisfied. *See id.* (holding that objective of Rule 4(B) was satisfied where defendant was released on his own recognizance before the seventy-day period had expired).

■ Three weeks after Upshaw was released on his own recognizance, however, he was arrested on new, unrelated charges. Upshaw seems to argue that the new, unrelated incarceration should tack onto his initial incarceration for the instant offenses for the purpose of the Rule 4(B) deadline. We cannot agree. For the Rule 4(B) deadline to apply, incarceration on the present offense must be the reason that the defendant is in jail. There is no logical reason to find that the Rule 4(B) clock on the instant charges resumed ticking merely because Upshaw was arrested on new, separate charges—that would not serve the Rule's objectives. *Cf. Bowers v. State,* 717 N.E.2d 242, 245 (Ind.Ct.App.1999) (finding that Rule 4(B) clock resumed when defendant, who had been discharged on his own recognizance, was later recharged and re-incarcerated on the *same* initial charges). Because Upshaw was tried within seventy days after he was arrested on the new charges and asserted his Rule 4(B) right to a fast and speedy trial, the trial court did not err by denying his motion to dismiss the pending charges.

## II. Sufficiency

■ Upshaw next argues that there is insufficient evidence supporting his convictions for class B felony dealing in cocaine and class A misdemeanor driving while suspended with a prior misdemeanor conviction. When reviewing a claim of insufficient evidence, we neither reweigh the evidence nor assess witness credibility, and will affirm if there is substantial evidence of probative value from which a factfinder

could have found the defendant guilty beyond a reasonable doubt. *Warren v. State,* 725 N.E.2d 828, 834 (Ind.2000).

■ To convict Upshaw of class B felony dealing in cocaine, the State was required to prove beyond a reasonable doubt that he knowingly or intentionally possessed cocaine with the intent to deliver. I.C. § 35–48–4–1(a)(2)(C). At the time of his arrest, Upshaw repeatedly and emphatically told Officer Drane that the drugs in the car were his, that he is a dealer, and that he sells drugs. He also admitted at trial that the drugs were his and that he had consumed them on the day of his arrest.

Notwithstanding Upshaw's confession, he argues that there is no independent evidence supporting his dealing conviction aside from his confession. Consequently, he contends that the conviction runs afoul of the corpus delicti doctrine, which requires that to render a confession admissible, the State must provide "independent evidence of the crime including evidence of the specific kind of injury and evidence that the injury was caused by criminal conduct." *Malinski v. State,* 794 N.E.2d 1071, 1086 (Ind.2003). The State need not prove every element of the corpus delicti beyond a reasonable doubt, but the independent evidence must support an inference—which may be established by circumstantial evidence—that the crime was committed. *Sweeney v. State,* 704 N.E.2d 86, 111 (Ind.1998) (explaining that the corpus delicti requirement avoids the risk of convicting someone for a crime to which he confessed, but which never actually occurred).

Here, aside from Upshaw's confession to dealing, he repeatedly admitted on the

scene and at trial that the cocaine and marijuana belonged to him. Police officers found crack cocaine, marijuana, and baggies in Upshaw's vehicle, and $116 and a torn marijuana baggie in Upshaw's pants pocket. We find this evidence sufficient to establish the corpus delicti of the crime, which renders Upshaw's confession admissible. *See Willoughby v. State,* 552 N.E.2d 462, 467 (Ind.1990) (holding that "where a defendant confesses to several crimes of varying severity within a single criminal episode, strict and separate application of the corpus delicti rule to each offense adds little to the ultimate reliability of the confession once independent evidence of the principal crimes is introduced"). And the confession together with the evidence of the drugs on the scene are sufficient to support his conviction for class B felony dealing in cocaine.

■ Finally, Upshaw was convicted of driving while suspended with a prior misdemeanor within the past ten years. I.C. § 9–24–19–2. Although Upshaw undisputedly had a prior *infraction* within the past ten years, the State concedes that he has no prior *misdemeanor* conviction. Therefore, the State admits that Upshaw was improperly charged and convicted of this offense, and agrees that the conviction should be reversed.[4]

■ Driving while suspended as a class A infraction is an inherently lesser-included offense of the crime with which Upshaw was charged. Specifically, Indiana Code section 9–24–19–1 provides that "a person who operates a motor vehicle upon a highway while the person's driving privilege, license, or permit is suspended or revoked commits a class A infraction." Inasmuch as the State proved beyond a reasonable

---

**4.** This reversal does not affect Upshaw's aggregate sentence, inasmuch as the one-year sentence imposed for this conviction was to run concurrent with the eight-year term imposed for dealing in cocaine.

doubt that Upshaw was driving with a suspended license during the events in question, we remand with instructions to amend the judgment of conviction by deleting the class A misdemeanor conviction and inserting this class A infraction in its place.

The judgment of the trial court is affirmed in part, reversed in part, and remanded with instructions to amend the judgment of conviction.

NAJAM, J., and MATHIAS, J., concur.