## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 03 2015, 5:48 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Patricia Caress McMath<br>Marion County Public Defender Agency<br>Indianapolis, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Lyubov Gore<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Darrin Purnell,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 3, 2015<br><br>Court of Appeals Case No.<br>49A05-1411-CR-535<br><br>Appeal from the Marion Superior Court.<br>The Honorable Stanley E. Kroh, Judge Pro Tempore.<br>Cause No. 49G03-1408-F5-38091 |

**Barteau, Senior Judge**

# Statement of the Case

[1] Darrin Purnell appeals his conviction of operating a motor vehicle after forfeiture of driving privileges for life, a Level 5 felony.[1] We affirm.

# Issues

[2] Purnell raises two issues, which we restate as:

    I.     Whether the trial court abused its discretion in admitting Purnell's confession.

    II.    Whether the evidence is sufficient to support Purnell's conviction.

# Facts and Procedural History

[3] Shortly after midnight on August 2, 2014, Steven Smith was at his business in Indianapolis. His dog barked at a window, so he looked outside. Smith saw two men, one of whom was later identified as Purnell, walking away from a car that was parked at a building next to Smith's business. The car had not been there when Smith last looked outside forty-five to sixty minutes prior.

[4] Purnell and his companion walked between two buildings, where Smith lost sight of them behind several dumpsters. Their actions were suspicious to Smith because it was late at night and none of the neighboring businesses were open.

---

[1] Ind. Code § 9-30-10-17 (2014).

Smith walked over to the car, wrote down its license plate number, and called the police.

[5] Officer Bryan Sosbe arrived at the scene five minutes after Smith called, followed by two other officers. After talking with Smith, Officer Sosbe walked in the direction where Smith said Purnell and his companion had gone. He did not see anyone in the darkness, so he called for a K9 unit. When the K9 unit arrived and approached the dumpsters, Purnell appeared from behind the dumpsters with his hands up. The K9 unit did not locate Purnell's companion.

[6] The officers handcuffed Purnell and moved him to the front of Smith's business. Officer Sosbe read Purnell his *Miranda* rights. Officer Sosbe asked Purnell why he was behind the dumpsters, and Purnell said he went back there to urinate. Officer Sosbe accused Purnell of lying because the dumpsters were four hundred feet from the car, and "no one is going to walk . . . 400 feet or more just to go behind a dumpster to urinate." Tr. p. 61. Next, Officer Andrew Spalding spoke with Purnell. Purnell told Officer Spalding "he had parked the car right up here," referencing the car from which Smith had seen him walking away. *Id.* at 34.

[7] One of the officers looked up Purnell's driving record and determined that his driving privileges had been forfeited for life. The officers arrested Purnell. During a search of Purnell's person, Officer Sosbe found a car key. Purnell admitted that the key was for the car. The police called a tow truck to impound the car, and the tow truck driver used the key to turn on the car's engine.

The State charged Purnell with operating a motor vehicle after forfeiture of driving privileges for life, a Level 5 felony. Purnell waived his right to trial by jury and agreed to a bench trial. After hearing evidence, the judge determined that Purnell was guilty and sentenced him. This appeal followed.

# Discussion and Decision

## I. Admission of Confession

Purnell argues that the trial court erred by admitting Officer Spalding's testimony that Purnell told him "[Purnell] had parked the car right up here." Tr. p. 34. He claims that his statement amounted to a confession, and it was inadmissible in the absence of other evidence that a crime occurred.

As a preliminary issue, the State argues that Purnell has waived his claim because he did not timely object to Officer Spalding's statement. We agree. The transcript demonstrates that Purnell did not object, so he failed to preserve his claim for appellate review. *See Wilkes v. State*, 917 N.E.2d 675, 684 (Ind. 2009) (challenge to admissibility of confession waived where defendant objected at trial, but on different grounds than he sought to present on appeal).

Waiver notwithstanding, we choose to address Purnell's claim. The trial court has broad discretion to rule on the admissibility of evidence. *Guilmette v. State*, 14 N.E.3d 38, 40 (Ind. 2014). We review an evidentiary ruling for an abuse of discretion and reverse only when admission is clearly against the logic and effect of the facts and circumstances. *Id.*

[12] In Indiana, a crime may not be proven solely by a confession. *Wilkes*, 917 N.E.2d at 684. Admission of a confession requires some independent evidence that a crime was committed. *Id.* This requirement is known as the corpus delicti rule. The State need not prove every element of the corpus delicti beyond a reasonable doubt, but the independent evidence must support an inference—which may be established by circumstantial evidence—that the crime was committed. *Upshaw v. State*, 934 N.E.2d 178, 183 (Ind. Ct. App. 2010), *trans. denied*.

[13] Here, Smith saw Purnell and his companion walk away from a car. After the police detained Purnell, they discovered that his driving privileges had been suspended for life. During a search incident to arrest, the officers discovered a key on Purnell. He conceded that the key was for the car. A tow truck operator used the key to turn on the car's engine.

[14] This circumstantial evidence supports an inference that Purnell drove the car despite having his driving privileges suspended for life and establishes the corpus delicti necessary for the admission of his confession. Consequently, even if Purnell had not waived this claim for appellate review, the trial court did not abuse its discretion by admitting his confession.

## II. Sufficiency of the Evidence

[15] Purnell argues that there is insufficient evidence to support his conviction. When an appellate court reviews the sufficiency of the evidence needed to support a conviction, it neither reweighs evidence nor judges the credibility of

witnesses. *Tin Thang v. State*, 10 N.E.3d 1256, 1258 (Ind. 2014). Those tasks are reserved for the finder of fact. *Lock v. State*, 971 N.E.2d 71, 74 (Ind. 2012). Instead, we consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from the evidence. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded that the defendant was guilty beyond a reasonable doubt. *Id.*

[16] In order to obtain a conviction for operating a motor vehicle while driving privileges are forfeited for life, a Level 5 felony, the State was required to prove beyond a reasonable doubt that Purnell: (1) operated (2) a motor vehicle (3) after his driving privileges had been forfeited for life. Ind. Code § 9-30-10-17.

[17] Purnell's challenge to the sufficiency of the evidence is premised upon his claim that the trial court should not have admitted his confession, but he did not preserve that claim for appellate review. Thus, the evidence against Purnell includes: (1) Smith's observation of Purnell and a companion walking away from a car; (2) Purnell's statement to Officer Spalding that "he had parked the car right up here," Tr. p. 34; (3) the officers' discovery via electronic records that Purnell's driving privileges had been suspended for life; and (4) the officers' discovery on Purnell's person of the key that turned on the car. This is sufficient evidence from which the trial court could have concluded that Purnell was guilty beyond a reasonable doubt. *See Crawley v. State*, 920 N.E.2d 808, 813 (Ind. Ct. App. 2010) (evidence was sufficient to establish that defendant had

operated a motor vehicle although no one saw the defendant drive the car), *trans. denied*.

## Conclusion

[18]   For the reasons stated above, we affirm the judgment of the trial court.

[19]   Affirmed-Barteau, J.

Kirsch, J., and Bailey, J., concur.