Jeffrey J. ATKINSON, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 24A01–0402–CR–49.

Court of Appeals of Indiana.

July 2, 2004.

John Pinnow, Special Assistant to the State Public Defender, Greenwood, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Christopher C.T. Stephen, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

BAKER, Judge.

Appellant-defendant Jeffrey J. Atkinson appeals his convictions for Resisting Law Enforcement,[1] a class A misdemeanor, and Possession of Paraphernalia,[2] a class A misdemeanor. Specifically, Atkinson maintains that the convictions cannot stand because the record is silent as to whether he waived his right to be represented by counsel at the trial. In the alternative, he argues that the evidence was insufficient to support either conviction.

Concluding that the record does not support a conclusion that Atkinson waived his right to be represented by counsel at trial, we are compelled to reverse and remand. Additionally, in reviewing the evidence presented at trial, we further conclude that Atkinson may not be retried on either offense because the evidence failed to show that he committed the offenses that the State had actually charged. Thus, we reverse the judgment of the trial court and order that Atkinson be discharged.

*FACTS*

On May 30, 2003, the Indiana State Police received a telephone call from Nioka Rowe in Franklin County that implicated Atkinson in the theft of a golf cart. Upon checking Atkinson's criminal history, the police officers became aware that he was wanted on two felony warrants in Ohio. At some point, the officers stopped a van, and one of the occupants stated that Atkin-

son fled from the vehicle on foot when the police had begun to follow them. While a search for Atkinson was initiated, it was eventually abandoned when the police were unable to locate him.

Later that afternoon, an individual contacted the Franklin County Sheriff's Department and reported that Atkinson was in a Buick automobile and was getting ready to leave. Upon receiving a description of the vehicle, the Buick was stopped and a search of the trunk revealed that Atkinson was hiding inside. Atkinson admitted his identity along with his knowledge of the outstanding warrants. When Trooper Gill was searching Atkinson, he found a package of cigarette rolling papers in one of Atkinson's pockets. Atkinson then admitted to Trooper Gill that he used the papers to "smoke a little marijuana." Tr. p. 7.

As a result of the incident, Atkinson was charged with the above offenses. With regard to the resisting law enforcement charge, the State alleged that Atkinson:

> unlawfully, knowingly, or intentionally *forcibly resist[ed], obstruct[ed], or interfere[d] with* the authorized service or execution of a civil or criminal process or order of a court, to wit: *fled and hid from Indiana law enforcement officers who were attempting to serve two outstanding felony warrants from Butler County, Ohio.*

Appellant's App. p. 5 (emphasis added).

Additionally, the charging information as to the possession of paraphernalia offense provided as follows:

> Atkinson did on or about May 30, 2003, at said County of Franklin and State of Indiana, did then and there unlawfully, knowingly, intentionally, or recklessly possess a raw material, instrument, de-

---

1. Ind.Code 35–44–3–3.

2. Ind.Code § 35–48–4–8.3(c).

vice, or other object *that is to be used primarily for testing the strength, effectiveness, or purity [of] a controlled substance.*

Appellant's App. p. 6 (emphasis added).

. At the initial hearing conducted on June 6, 2003, Atkinson told the court that he desired to plead guilty. However, the State responded that it was not prepared to offer a plea agreement at that time. Thus, a preliminary plea of not guilty was entered on Atkinson's behalf.

Counsel was not appointed for Atkinson, and a bench trial commenced on December 17, 2003, at which time he proceeded pro se. The trial court did not discuss with Atkinson the right to counsel and whether he desired to waive that right. During the course of the trial, Atkinson attempted to cross-examine the State's sole witness, and he did not call any witnesses of his own. Atkinson also admitted to the trial court that he did not have time to prepare for trial. In the end, Atkinson was found guilty as charged, and he now appeals.

### DISCUSSION AND DECISION

#### I. Waiver of Right to Counsel

In addressing Atkinson's argument that his convictions must be reversed because he did not waive his right to be represented by counsel, we initially observe that a criminal defendant is guaranteed the right to representation by counsel by the United States and Indiana constitutions. U.S. Const. Amend. VI, XIV; Ind. Const. Art. I § 13. The right to counsel can only be relinquished by a knowing, voluntary and intelligent waiver of the right. *Dowell v. State,* 557 N.E.2d 1063, 1065–66 (Ind.Ct.App.1990), *trans. denied.* Additionally, a defendant who asserts his right to self-representation should be warned of the dangers and pitfalls of self-representation. *Poynter v. State,* 749 N.E.2d 1122, 1127 (Ind.2001). The record must establish that the defendant was made aware of the nature, extent and importance of the right to counsel and the consequences of waiving that right. *Van Donk v. State,* 676 N.E.2d 349, 351 (Ind.Ct. App.1997).

In this case, Atkinson argues, and the State concedes, that he was not given the proper warnings with respect to waiving his right to counsel. While Atkinson was questioned about waiving his rights, the trial court only specifically enumerated his right to cross-examine witnesses, present evidence, and have witnesses subpoenaed. Although Atkinson may have waived these particular rights, there was no indication that the right to counsel was included in this waiver. Moreover, the record is devoid of any advisement or discussion by the trial court regarding the pitfalls of self-representation. Tr. p. 11. As a result, we must conclude that Atkinson did not waive his right to counsel. Therefore, his convictions may not stand.

#### II. Sufficiency of the Evidence

##### A. Standard of Review

Although we reverse, our discussion of this case must continue, inasmuch as Atkinson further contends that the evidence was insufficient to support his convictions, an issue that must be resolved in order to determine whether he can be retried. Where the evidence presented at trial is insufficient as a matter of law to sustain the conviction, the defendant may not be retried on those charges. *Carpenter v. State,* 786 N.E.2d 696, 705 (Ind. 2003).

In addressing Atkinson's challenges, we note that this court examines the evidence most favorable to the judgment and all of the reasonable inferences to be drawn therefrom. *Winn v. State,* 748 N.E.2d 352, 357 (Ind.2001). We will not reweigh the evidence or assess the credibility of witnesses. *Id.* Rather, this court determines whether there was substantial evi-

dence of probative value supporting each element of the offense from which a reasonable factfinder could have found the defendant guilty beyond a reasonable doubt. *Fry v. State*, 748 N.E.2d 369, 373 (Ind.2001). Evidence is insufficient to convict only when no rational factfinder could have found the defendant guilty beyond a reasonable doubt. *Bradford v. State*, 675 N.E.2d 296, 298 (Ind.1996).

### B. Resisting Charge

■ Atkinson contends that the evidence failed to establish that he committed this offense. Specifically, Atkinson argues that the conviction must be set aside because the evidence failed to establish that Atkinson "forcibly" resisted law enforcement officers as was charged in the information.

Indiana Code section 35–44–3–3(a)(2), the statute under which Atkinson was charged, provides that a person who "knowingly or intentionally: forcibly resists, obstructs, or interferes with the authorized service or execution of a civil or criminal process or order of a court ... commits resisting law enforcement, a class A misdemeanor." In construing this statute our supreme court has observed that an individual " 'forcibly resists' law enforcement when strong, powerful, violent means are used to evade a law enforcement official's rightful exercise of his or her duties.... It seems clear that the legislature intended the word 'force' to mean something more than mere action." *Spangler v. State*, 607 N.E.2d 720, 724–25 (Ind.1993). In *Spangler*, it was determined that there was no evidence establishing that the defendant committed any "forcible action" within the meaning of the statute when he refused to accept service of process from a sheriff's deputy and

simply walked away from the scene. *Id.* at 724. Thus, Spangler's conviction for this offense was reversed. *Id.* at 725. *See also Ajabu v. State*, 704 N.E.2d 494, 496 (Ind.Ct.App.1998) (concluding that where the defendant refused a police officer's order to release a flag and twisted and turned as he held onto the flag but did not make threatening or violent actions toward the officer, the evidence was insufficient to support the conviction for forcibly resisting law enforcement).

In this case, Atkinson acknowledged to the officers at the time of his arrest that he had an outstanding warrant from Ohio. The evidence showed that he fled from the officers and hid in the woods for most of the day in order to avoid capture. Tr. p. 5. Atkinson also fled the area when he saw Trooper Gill and was also found hiding inside the trunk of a vehicle after it had been stopped by the police officers. Tr. p. 7–8.

Under these circumstances, it is apparent to us that the record fails to disclose any evidence from which a reasonable trier of fact could conclude beyond a reasonable doubt that Atkinson acted "forcibly," as defined by our supreme court in *Spangler*. The evidence merely demonstrated that Atkinson resisted by running into the woods and secreting himself in the trunk of a vehicle. To be sure, the record does not reveal any evidence that Atkinson made any threatening or violent actions toward the police. That said, the facts presented at trial were insufficient to establish Atkinson's guilt beyond a reasonable doubt with respect to the resisting law enforcement charge. As a result, because the evidence was insufficient, Atkinson cannot be retried on this charge.[3] *See Carpenter*, 786 N.E.2d at 705.

---

3. While we conclude that the evidence was insufficient to support the conviction pursuant to Indiana Code section 35–44–3–3(a)(2), the section of the statute under which Atkin-

son was charged, we note that the State may very well have presented sufficient evidence to convict Atkinson under subsection (a)(3) of the statute which provides that a "person who

## C. Possession of Paraphernalia

■ Atkinson also challenges the sufficiency of the evidence with regard to this offense. In particular, Atkinson claims that the evidence was insufficient to show that "he intended to use the cigarette rolling papers to test the strength, effectiveness or purity of a controlled substance," as the State had alleged in the charging information. Appellant's Br. p. 8.

To establish that a defendant is guilty of this offense, the State must demonstrate the following in accordance with Indiana Code section 35–48–4–8.3(c):

> (c) A person who recklessly possesses a raw material, an instrument, a device, or other object that is to be used primarily for:
>
> (1) *introducing into the person's body a controlled substance;*
>
> (2) *testing the strength, effectiveness, or purity of a controlled substance;* or
>
> (3) *enhancing the effect of a controlled substance;* in violation of this chapter commits reckless possession of paraphernalia, a class A misdemeanor.

(Emphasis added).

In this case, Atkinson asserts that the State erroneously charged him under subsection two of the statute and further contends that there was no evidence presented as to how the cigarette rolling papers that were found in his pockets could be used to "test" the strength, effectiveness or purity of marijuana. In considering this argument, it is apparent that the State may, indeed, have proved the offense under subsection one of the statute in light of Atkinson's admission that he used the papers to smoke marijuana, yet it failed to prove the offense that was actually charged. To be sure, our review of the record reveals that there was no evidence establishing that Atkinson possessed the cigarette papers to test the strength or effectiveness of the drug.

By way of analogy, in *Harrison v. State*, the evidence showed that the police seized a pipe with residue in it, along with cigarette wrapping papers and two scales from the defendant. 469 N.E.2d 22, 25 (Ind.Ct. App.1984). On appeal, we noted that although the State had the "beginnings" of a charge under the section of the statute regarding the possession of paraphernalia used to *introduce a controlled substance into the body*, it actually charged the defendant with possession as *enhancing the effect* of a controlled substance under another subsection of the statute. *Id.* As a result, we reversed the defendant's conviction because the State failed to produce any evidence on the element of enhancement that was charged under that particular section of the statute. *Id.* at 26–27.

We note that just as in *Harrison*, the State had the "beginnings" of a possession offense under subsection (c)(1) of the statute when Trooper Gill seized the rolling papers from Atkinson, who then admitted that he used them to smoke marijuana, i.e., introducing the substance into his body. However, because Atkinson was actually charged under subsection (c)(2) of the statute and the State presented *no* evidence as to how Atkinson could use the rolling papers to test the strength, effectiveness, or purity of the marijuana, we must conclude that Atkinson's conviction for this offense may not stand. Therefore, Atkinson may not be retried for possession of paraphernalia as well as the resisting law enforcement charge, and he must be discharged.

knowingly or intentionally ... flees from a law enforcement officer after the officer has, by visible or audible means, identified himself and order the person to stop ... commits resisting law enforcement...." However, the State did not charge Atkinson under this subsection.

Reversed and remanded with instructions that Atkinson be discharged.

FRIEDLANDER, J., and BAILEY, J., concur.