Lilia CASTEL, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 64A03–0705–CR–222.

Court of Appeals of Indiana.

Nov. 16, 2007.

---

Lisa A. Francis, Kenneth B. Elwood, Rhame & Elwood, Portage, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Ann L. Goodwin, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Lilia Castel appeals from her conviction for Driving While Intoxicated ("DWI"), as a Class A misdemeanor; Disorderly Conduct, as a Class B misdemeanor; and Disobeying a Traffic Control Device, an infraction. Castel raises a single issue on appeal, namely, whether the trial court erred when it failed to inform her of her right to counsel before trial.

We reverse and remand.

### FACTS AND PROCEDURAL HISTORY

On May 23, 2004, a fatal traffic accident occurred on Crisman Road in Portage near the intersection with U.S. Highway 20. As a result of the accident, police officers closed off the northbound left turn lane from Highway 20 onto Crisman Road with cones, and Crisman Road west of the intersection was marked with cones, flares, and a marked squad car with the overhead lights activated. Portage Police Officer

Michael Heckman was called to the scene to help secure it for the crash team.

As Officer Heckman approached the intersection, he saw Castel on the inside northbound lane of Highway 20 with a left directional on. Castel's vehicle proceeded through the intersection, where she ran over two traffic cones and turned left onto Crisman Road at a red light. Officer Heckman initiated a traffic stop.

As a result of that traffic stop, the State charged Castel with DWI, as a Class A misdemeanor; DWI, as a Class C misdemeanor; disorderly conduct, as a Class B misdemeanor; Disregarding an Automatic Signal, as a Class C infraction; and Disobeying a Traffic Control Device, as a Class C infraction. After the initial hearing, Castel engaged counsel to represent her. Over the course of two years, the trial date was continued numerous times.

On November 13, 2006, Castel's counsel withdrew her appearance. The bench trial was scheduled for November 14, 2006, but the trial court continued that date to February 6, 2007. In a letter to Castel regarding the withdrawal, counsel "strongly advise[d] Castel to seek other counsel as soon as possible...." Appellant's App. at 17.

The court held a bench trial on February 6, 2007. At the start of the proceeding, the trial court noted that Castel was appearing pro se. At the trial, the court did not discuss Castel's right to representation but asked Castel, "are you ready to proceed to trial today?" Transcript at 2. Castel replied "yes," and the trial commenced.

At the close of trial, the court found Castel guilty of DWI, as a Class A misdemeanor,[1] and disorderly conduct, as a

Class B misdemeanor. The court entered a judgment of conviction on the misdemeanors; entered judgment for the State on the charge of disobeying a traffic control device, an infraction; and entered a judgment for Castel on the charge of disregarding the automatic signal, an infraction. The trial court then sentenced Castel to 365 days in the Porter County Jail for the DWI, suspending all but ten days to be served as community service; imposed a fine and court costs; ordered participation in the Christian Intervention program (alcohol abuse) and Victim Impact Panel classes; ordered unsupervised probation for twelve months; and imposed a 90–day suspension of her driver's license. On the disorderly conduct count, the court sentenced Castel to a concurrent sentence of time served, waiving fines and court costs, and on the infraction the court imposed a fine.

On March 6, 2007, Castel requested the appointment of a public defender to appeal her convictions and the judgment on the infraction. After a hearing, the trial court appointed a public defender at Castel's request. Castel now appeals.

## DISCUSSION AND DECISION

Castel contends that the trial court committed reversible error when it failed to inform her of her right to counsel at the misdemeanor trial. In essence, she argues that her self-representation at trial constituted a waiver of trial counsel that was not knowingly and intelligently made. We must agree.

A criminal defendant is guaranteed the right to representation by counsel by the United States and Indiana constitu-

---

[1] The court found that DWI, as a Class C misdemeanor, "merged" into the Class A misdemeanor DWI. Transcript at 63.

tions.[2] U.S. Const. Amend. VI, XIV; Ind. Const. Art. I § 13. The right to counsel can only be relinquished by a knowing, voluntary and intelligent waiver of the right. *Stroud v. State,* 809 N.E.2d 274, 280 (Ind.2004). A court need not provide an exhaustive list of the dangers of pro se representation, but must "impress upon the defendant the disadvantages of self-representation." *Kubsch v. State,* 866 N.E.2d 726, 736 (Ind.2003) (quoting *United States v. Todd,* 424 F.3d 525, 531 (7th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 2352, 165 L.Ed.2d 278 (2006)).

■ Whether there has been a knowing and intelligent waiver of the right to counsel depends on the particular facts and circumstances surrounding the case. *Poynter v. State,* 749 N.E.2d 1122, 1127 (Ind.2001). To review the adequacy of a waiver, we consider four factors:

> "(1) the extent of the court's inquiry into the defendant's decision, (2) other evidence in the record that establishes whether the defendant understood the dangers and disadvantages of self-representation, (3) the background and experience of the defendant, and (4) the context of the defendant's decision to proceed pro se."

*Id.* (quoting *United States v. Hoskins,* 243 F.3d 407, 410 (7th Cir.2001)).

■ The State contends that "Castel did not actively safeguard her right to counsel," Appellee's Brief at 8, as if that were her burden. However, the State also acknowledges that the trial court neither advised Castel at trial about her right to counsel nor warned her about the disad-

vantages of self-representation. Indeed, the trial court made no inquiries into Castel's decision, and the record is devoid of any evidence showing Castel's understanding of the disadvantages of self-representation, her background and experience, or the context of her decision to proceed pro se. As the State notes, Castel enjoys every presumption against the waiver of her right to counsel. Thus, we must conclude that Castel did not waive her right to counsel and that her convictions cannot stand. *See Atkinson v. State,* 810 N.E.2d 1190, 1192 (Ind.Ct.App.2004) (reversing convictions where defendant at trial was apprised and waived the rights to cross-examine, present evidence, and subpoena witnesses but was not apprised of his right to counsel or dangers of self-representation).

We reverse Castel's convictions and the judgment on the infraction and remand for a new trial in accordance with this opinion.

Reversed and remanded.

MATHIAS, J., and BRADFORD, J., concur.

---

2. In *Bolkovac v. State,* 229 Ind. 294, 98 N.E.2d 250, 253 (1951), our Supreme Court recognized that Article I, Section 13 of the Indiana Constitution makes no distinction between misdemeanors and felonies and held that "the right to counsel must and does exist in misdemeanor cases to the same extent and under the same rules it exists in felony cases." This occurred some 20 years before the Unites States Supreme Court recognized the same right under the Sixth Amendment. *See Argersinger v. Hamlin,* 407 U.S. 25, 37, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).