**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**NANCY A. MCCASLIN**
McCaslin & McCaslin
Elkhart, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW R. FALK**
Deputy Attorney General
Indianapolis, Indiana



FILED

Mar 13 2012, 9:22 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

MATTHEW G. FEARNOW,                 )
                                    )
    Appellant-Defendant,             )
                                    )
        vs.                          )    No. 20A03-1107-CR-341
                                    )
STATE OF INDIANA,                   )
                                    )
    Appellee-Plaintiff.              )

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Lee Roy Berry, Judge Pro Tempore
Cause No. 20D05-0607-CM-459

**March 13, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Matthew G. Fearnow ("Fearnow") appeals from his conviction after a bench trial for one count of harassment[1] as a Class B misdemeanor. Fearnow presents the following restated issues for our review:

I.      Whether the trial court gave Fearnow an adequate advisement of the perils of proceeding *pro se*;

II.     Whether the trial court erred by allowing the State to amend the charging information at trial; and

III.    Whether there was sufficient evidence to support Fearnow's harassment conviction.

We affirm in part, reverse in part, and remand.

## FACTS AND PROCEDURAL HISTORY

On June 21, 2006, Fearnow left a message for Wendy Haddock ("Haddock") on her cell phone. Fearnow stated that he was going to slit Haddock's throat, run her car off the road, and bash in her face. Haddock was at her grandmother's house in Union, Michigan when she received the message. Haddock and Fearnow knew each other because they went to school together. Haddock later allowed her friend, Crystal Smith ("Smith"), to listen to the message. Both Haddock and Smith had spoken with Fearnow on the phone before and could identify his voice.

A few days later, Fearnow called Haddock's cell phone and left a second message for her indicating that he was going to bash her face in, run her off the road, and slit her throat. Haddock was at Smith's home in Elkhart, Indiana when she received that second message.

---

[1] *See* Ind. Code §35-45-2-2.

2

Haddock and Smith listened to the message and identified Fearnow as the caller. Haddock believed that Fearnow was angry with her because she had involved his parents in a situation between the two when he had failed to act.

Haddock was intimidated and scared by the calls and contacted the Elkhart County Sheriff's Department after receiving the second message from Fearnow. Officer Jeremy Shotts responded to her call and listened to the messages at Haddock's grandmother's home in Michigan. Haddock had recently moved from her home in Elkhart, Indiana to Union, Michigan in order to live with and assist her grandmother. Haddock was going back and forth between the two residences, but listed her Elkhart address as her residence because that was the address on her driver's license.

The State charged Fearnow with two counts of harassment, each as a Class B misdemeanor. Fearnow appeared *pro se* at his bench trial. The trial court dismissed one of the Class B misdemeanor counts, and convicted Fearnow of the second count. The trial court sentenced Fearnow to ninety days at the Indiana Department of Correction, with all ninety days suspended. The trial court imposed six months of non-reporting probation and entered a no-contact order with Haddock.

Fearnow did not appeal his conviction or sentence. On February 2, 2007, the State filed a notice of probation violation. Fearnow admitted to the violation at the hearing held on the matter. The trial court revoked Fearnow's probation and ordered him to serve ninety days at the Indiana Department of Correction.

Fearnow filed a *pro se* petition for post-conviction relief. The state public defender filed a petition for permission to file a belated notice of appeal on Fearnow's behalf. The trial court denied the petition, and Fearnow appealed from that order. A panel of this court reversed the trial court, finding that the trial court had abused its discretion by denying the petition for permission to file a belated notice of appeal. *See Fearnow v. State*, No. 20A03-1010-CR-552, 2011 WL 2410045, *6 (Ind. Ct. App. June 10, 2011). Fearnow now appeals. Additional facts will be supplied as necessary.

## DISCUSSION AND DECISION

### I. Proceeding Pro Se

Fearnow argues that the trial court erred by failing to advise him of the risks of proceeding *pro se*. Fearnow indicated on the back of his advisement of rights and penalties form that he did not want to hire counsel to assist him. The trial court confirmed that Fearnow did not wish to hire counsel and told him the date of his trial. On the day of his bench trial, Fearnow appeared in person and waived the assistance of counsel. The trial court read the charging information and asked the State if it was ready to proceed. The trial then commenced.

A criminal defendant's right to counsel is guaranteed by both the Sixth Amendment to the United States Constitution and Article I, Section 13 of the Indiana Constitution. *Castel v. State*, 876 N.E.2d 768, 770 (Ind. Ct. App. 2007). The right can only be relinquished by a knowing, voluntary, and intelligent waiver. *Id.* at 771. We conduct a *de novo* review of the trial court's conclusion that a defendant knowingly, intelligently, and voluntarily waived the

4

right to counsel. *Drake v. State*, 895 N.E.2d 389, 393 (Ind. Ct. App. 2008). A defendant has the right to counsel in both misdemeanor and felony cases. *Argersinger v. Hamlin*, 407 U.S. 25, 37 (1972) (Sixth Amendment of the United States Constitution analysis); *Bolkovac v. State*, 229 Ind. 294, 98 N.E.2d 250, 253 (1951) (Article I, Section 13 of the Indiana Constitution analysis).

When a defendant indicates to the trial court that he wishes to proceed without counsel, "[t]he trial court must establish a record showing that the defendant was aware of the nature, extent, and importance of the right and the consequences of waiving it. Merely informing the defendant of his constitutional rights is insufficient." *Sedberry v. State*, 610 N.E.2d 284, 286 (Ind. Ct. App. 1993), *abrogated on other grounds by Hopper v. State*, 934 N.E.2d 1086, 1088 (Ind. 2010). In general, for a defendant's waiver of counsel to be deemed knowing and intelligent, a trial court should advise a defendant "of the potential pitfalls surrounding self-representation so that it is clear that 'he knows what he is doing and [that] his choice is made with eyes open.'" *Kubsch v. State*, 866 N.E.2d 726, 736 (Ind. 2007) (quoting *Faretta v. California*, 422 U.S. 806, 835 (1975)).

The State concedes that Fearnow was not adequately advised of the risks of proceeding *pro se*. *See Appellee's Br.* at 10. We agree. Therefore, we vacate Fearnow's conviction and remand this matter for re-trial.

## II. Amending the Charging Information

Fearnow contends that the trial court erred by allowing the State to amend the charging information to correct a scrivener's error setting out the address where the alleged

5

harassment occurred. During the trial, Haddock revealed that she received the second cell phone message from Fearnow while she was at Smith's house in Elkhart. The State moved to amend the charging information to conform to the evidence. Each of the counts of the charging information each alleged that Haddock received the cell phone messages at the street address of Haddock's grandmother's home in Union, Michigan, but alleged that the address was in Elkhart, Indiana. The State was allowed to amend each of the counts in the charging information to accurately reflect Haddock's address in Elkhart. The amendment at issue here, is the State's motion to amend the second count to reflect Smith's address in Elkhart.

> Indiana Code section 35-34-1-5(c) provides as follows:
>
> (c) Upon motion of the prosecuting attorney, the court may, at any time before, during, or after the trial, permit an amendment to the indictment or [i]nformation in respect to any defect, imperfection, or omission in form which does not prejudice the substantial rights of the defendant.

Substantive amendments are only allowed before trial, whereas amendments to form are allowed at any time as long as the amendment does not prejudice the substantial rights of the defendant. Ind. Code §35-34-1-5(b), (c). An amendment is one of form if a defense under the original information would be equally available after the amendment and the defendant's evidence would apply equally to the information in either form. *Gibbs v. State*, 952 N.E.2d 214, 221 (Ind. Ct. App. 2011). The question is whether the defendant had a reasonable opportunity to prepare for and defend against the charge against him. *Jones v. State*, 863 N.E.2d 333, 339 (Ind. Ct. App. 2007).

6

Here, Fearnow had the opportunity to prepare for and defend against the charge against him. The change in the address where Haddock was located when she received Fearnow's cell phone message was one of form and not substance, and his rights were not affected. The trial court did not err in granting the State's second motion to amend the information.

### III. Sufficiency of the Evidence

Fearnow claims that the evidence was insufficient to support his conviction. We address this issue because it is relevant to whether the State may pursue a retrial. "The general rule of sufficiency is that if a conviction is reversed on appeal because the State failed to present evidence to support the conviction beyond a reasonable doubt, the Double Jeopardy Clause precludes retrial." *Jaramillo v. State*, 823 N.E.2d 1187, 1190 (Ind. 2005).

When reviewing the sufficiency of the evidence, we consider only the probative evidence and reasonable inferences supporting the verdict. *Mork v. State*, 912 N.E.2d 408, 411 (Ind. Ct. App. 2009). We do not reweigh the evidence or reassess witness credibility. *Id.* We consider conflicting evidence most favorably to the trial court's ruling. *Id.* We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.*

In order to convict Fearnow of harassment, the State had to prove that "[a] person who, with an intent to harass, annoy, or alarm another person but with no intent of legitimate communication [] makes a telephone call, whether or not a conversation ensues[.]" Ind. Code § 35-45-2-2. The evidence presented at trial showed that Haddock received on her cell

7

phone a telephone message from Fearnow. Haddock and Smith recognized Fearnow's voice because they had spoken with him on the phone before. Haddock testified that Fearnow told her he was going to slit her throat, run her car off the road, and bash in her face. She further testified that she was placed in fear by the telephone message. This evidence was sufficient to have sustained Fearnow's conviction for harassment as a Class B misdemeanor.

> The retrial of a defendant upon a charge is not necessarily a 'punishment.' Indeed, once a court has vacated the conviction of an accused to grant a new trial, that person is placed in a position as if he had never been tried upon that charge at all. It is only where a conviction has been premised upon the insufficiency of the evidence that retrial is barred.

*Moore v. State*, 698 N.E.2d 1203, 1205 (Ind. Ct. App. 1998) (quoting *Moore v. State*, 653 N.E.2d 1010, 1019 (Ind. Ct. App. 1995)). Therefore, because the evidence was sufficient to have sustained Fearnow's conviction, Fearnow may be retried on the charge.

Affirmed in part, reversed in part, and remanded.

BARNES, J., and BRADFORD, J., concur.