**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Oct 04 2013, 5:45 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JARED MICHEL THOMAS**
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| DAVID KIFER, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No.  82A05-1302-IF-53 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE VANDERBURGH CIRCUIT COURT
The Honorable Jill R. Marcrum, Magistrate
Cause No. 82D05-1207-CM-9063

**October 4, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

David Kifer ("Kifer") appeals his Class C infraction for disregarding an automatic signal.

We affirm.

## ISSUE

Whether Kifer was entitled to representation after having received a citation for a traffic infraction.

## FACTS

On May 27, 2012, Kifer was traveling by moped with a passenger when Vanderburgh County Sheriff's Department Sergeant Aaron Hunter ("Sgt. Hunter") observed Kifer stopped at a red automatic traffic signal. Sgt. Hunter saw Kifer look both ways and proceed through the red light. Subsequently, Sgt. Hunter initiated a traffic stop and issued a ticket for the infraction of disregarding an automatic control device. Kifer told Sgt. Hunter that he ran the red light because he had to urinate. He also asked Sgt. Hunter not to issue him a citation because he was banned from the courthouse.

Kifer subsequently contested the infraction, and at an initial hearing on the matter, the trial court asked Kifer if he wanted an attorney. Kifer did not answer, but instead attempted to address what he categorized as "preliminary matters," specifically his claim that he was trespassing in the court. (Tr. 15-17). When the trial court asked again whether Kifer wanted an attorney, Kifer was again unresponsive, claiming that the trial court "doesn't have jurisdiction," and that an attorney would not benefit him. (Tr. 17).

At the subsequent bench trial on January 7, 2013, the trial court informed Kifer that an "infraction is a civil matter." (Tr. 27). Kifer later requested an attorney, arguing that "[t]he State of Indiana is entitled to free lawyers at the taxpayer dollar." (Tr. 32). After the trial court explained to Kifer that he was representing himself, Kifer claimed, "I represent every person who comes down here and has to go through this system and not get treated fairly. That's what I'm representing." (Tr. 33). Kifer later stated, "I need a lawyer," and the trial court denied his request. (Tr. 37). The trial proceeded, and after Kifer cross-examined Sgt. Hunter, the State's only witness, the trial count found Kifer had committed the Class C infraction. (Tr. 41-45, 58). Kifer timely filed his Notice of Appeal, and this appeal ensued.

## DECISION

Kifer argues that the trial court "committed a fundamental error" in not granting his request for counsel in defending himself against the traffic citation. (Kifer's Br. 3). Specifically, Kifer maintains that he was a criminal defendant, and therefore guaranteed the right to representation under the Sixth Amendment. (*Id*. at 3-7). In response, the State argues that because a traffic infraction is a civil matter, not a criminal one, Kifer had no absolute right to counsel. (State's Br. 3). We agree.

It is well-established that individuals charged with traffic infractions are "not [] criminal defendant[s]." *Wirgua v. State*, 443 N.E.2d 327, 330 (Ind. Ct. App. 1982). "Our legislature removed [from those cited for traffic infractions] the protections afforded to criminal defendants when it decided that the Indiana Rules of Trial Procedure govern

3

infractions, and, in doing so, directed that we now treat infractions as civil matters." *Cunningham v. State*, 835 N.E.2d 1075, 1077 (Ind. Ct. App. 2005), *trans. denied*. It is also a long-standing principle that there is no absolute right to counsel in civil matters. *See Terpstra v. Farmers and Merchants Bank*, 483 N.E.2d 749, 759 (Ind. Ct. App. 1985) ("Unlike criminal cases, where defendants have a 6th or 14th Amendment right to counsel, in civil proceedings, persons do not have those same rights").

Although Kifer attempts to analogize his circumstance to those in *Castel v. State*, 876 N.E.2d 768 (Ind. Ct. App. 2007). However, that case is plainly distinguishable because, in addition to being cited for the infraction of disobeying a traffic control device, the defendant in *Castel* was charged in criminal court with Class A misdemeanor driving while intoxicated and Class B misdemeanor disorderly conduct. *Id*. at 770. Here, Kifer was charged with no crimes; he was merely cited for a traffic infraction, a civil matter, *Cunningham*, 835 N.E.2d at 1077, and as stated earlier, persons involved in civil matters have no absolute right to counsel. *Terpstra*, 483 N.E.2d at 759.

Kifer also cites Indiana Code § 34-10-1-2 for the proposition that trial courts "may, under exceptional circumstances, assign an attorney to defend or prosecute the cause." *Id*. However, we find his argument unavailing in light of the fact that he provided no such argument of exceptional circumstances to the trial court. Indeed, even if he had provided a cogent argument to the trial court, appointment of counsel would still have been at the trial court's discretion, and not an absolute right. *See* Ind. Code § 34-10-1-2(b)(2) (stating that trial courts "may" appoint counsel in "exceptional circumstances,"

4

not that they must). In this case, Kifer waited until the day of trial before making his untimely request for the appointment of counsel. Accordingly, we find that the trial court did not err in declining Kifer's request for counsel in challenging his citation for a traffic violation.

Affirmed.

BARNES, J., and CRONE, J., concur.