## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 16 2015, 8:40 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Patricia Caress McMath
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory Zoeller
Attorney General of Indiana

Cynthia L. Ploughe
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kenny Weaver,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff,*

July 16, 2015

Court of Appeals Case No.
49A02-1412-CR-837

Appeal from the Marion Superior Court
The Honorable Marshelle Broadwell, Judge *pro tempore*
Cause No. 49G10-1409-CM-45040

**Bradford, Judge.**

# Case Summary

[1]     Appellee-Plaintiff the State of Indiana ("the State") charged Appellant-Defendant Kenny Weaver with Class A misdemeanor possession of a synthetic

drug lookalike substance after a police officer discovered Weaver in possession of a white baggie containing a green leafy substance. The only evidence presented by the State that the substance was an illegal synthetic drug lookalike was testimony from the arresting officer that Weaver admitted that the substance was "spice," a term commonly used to refer to synthetic forms of marijuana.[1] The trial court found Weaver guilty as charged. On appeal, Weaver argues that there is insufficient evidence to support his conviction and the State agrees. We reverse Weaver's conviction for possession of a synthetic drug lookalike substance.

## Facts and Procedural History

[2]    On September 23, 2014, Indianapolis Metropolitan Police Officer Shawn Romeril identified Weaver's vehicle as having an improperly displayed temporary license plate. A BMV check revealed that the temporary plate had been issued to a different car. (Tr. 7-8) After conducting a traffic stop, Officer Romeril learned that Weaver had never been issued a driver's license and had an active warrant for his arrest. (Tr. 9, 12) Officer Romeril placed Weaver under arrest and, upon searching his person, found a white baggie in Weaver's pocket containing a green leafy substance. (Tr. 13) Weaver told Officer Romeril that the leafy substance was "spice," not marijuana. Tr. p. 20.

---

[1] *Elvers v. State*, 22 N.E.3d 824, 828 (Ind. Ct. App. 2014).

The State charged Weaver with Class A misdemeanor possession of a synthetic drug lookalike substance and Class C misdemeanor operating a vehicle without ever receiving a license. (App. 5, 13) The only evidence presented by the State that the substance was an illegal synthetic drug lookalike was testimony from Officer Romeril that Weaver stated that the substance was spice. (Tr. 20) The State conducted no chemical analysis to verify the nature of the substance. (Tr. 28) A bench trial was conducted on November 10, 2014 at which the trial court found Weaver guilty as charged and sentenced him to a 365-day term with 305 days suspended, noting that Weaver had 60 days of credit for time served.

# Discussion and Decision

Weaver challenges only his conviction for possession of a synthetic drug lookalike substance, arguing (1) that there is insufficient evidence to support his conviction and (2) that the Indiana statutes defining "synthetic drug lookalike substance" are unconstitutionally vague. Because the State concedes and we find that there is insufficient evidence to support Weaver's conviction, we need not address the constitutionality of the statute.

> When reviewing the sufficiency of the evidence, we consider only the probative evidence and reasonable inferences supporting the verdict. *Mork v. State*, 912 N.E.2d 408, 411 (Ind. Ct. App. 2009) (citing *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007)). We do not reweigh the evidence or assess witness credibility. *Id*. We consider conflicting evidence most favorably to the trial court's ruling. *Id*. We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id*.

*Boggs v. State*, 928 N.E.2d 855, 864 (Ind. Ct. App. 2010).

[6] "[W]hen the charge is possession of a controlled substance, the courts require more than a Defendant's extrajudicial statement of identification of the substance to show that the substance possessed was indeed contraband." *Warthan v. State*, 440 N.E.2d 657, 661 (Ind. 1982). The only evidence that the leafy substance in Weaver's possession was an illegal substance was Weaver's own statement to Officer Romeril that it was "spice." Tr. p. 20. Based on *Warthan*, this evidence alone is insufficient to prove that Weaver was in possession of a synthetic lookalike drug. In its brief, the State acknowledges that "its evidence did not establish that the substance that [Weaver] possessed meets the definition of 'synthetic drug lookalike substance.'" Appellee's Br. p. 4. Accordingly, we reverse Weaver's conviction for possession of a synthetic drug lookalike substance. Weaver's conviction for class C misdemeanor operating a vehicle without having received a license remains unaffected by this judgment.

[7] The judgment of the trial court is affirmed in part and reversed in part.

Vaidik, C.J., and Kirsch, J., concur.