## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 20 2017, 8:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian R. Chastain
Dillman, Chastain, Byrd, LLC
Corydon, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James Michael Cox,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 20, 2017

Court of Appeals Case No.
36A01-1604-CR-896

Appeal from the Jackson Superior Court

The Honorable Bruce Markel, III, Judge

Trial Court Cause No.
36D01-1505-CM-498

**May, Judge.**

James Michael Cox appeals his convictions of Class A misdemeanor resisting law enforcement;[1] Class A misdemeanor possession of paraphernalia;[2] and Class B misdemeanor possession of marijuana.[3] Cox presents three issues for our consideration, which we restate as:

1. Whether Cox's convictions were barred by Indiana's Religious Freedom Restoration Act ("RFRA");

2. Whether the State presented sufficient evidence to prove Cox committed Class A misdemeanor resisting law enforcement; and

3. Whether the State presented sufficient evidence to prove Cox committed Class A misdemeanor possession of paraphernalia.

We affirm.

# Facts and Procedural History

On May 15, 2015, Officer Michael Payne initiated a traffic stop on Cox's vehicle based on Officer Payne's observation of a burnt-out license plate light on Cox's vehicle. Officer Payne noticed the vehicle displayed a license plate from 1969 and called dispatch to check the plate number. The plate number returned different vehicle information than the stopped vehicle.

---

[1] Ind. Code § 35-44.1-3-1(a)(1) (2014).

[2] Ind. Code § 35-48-4-8.3(a)(1) (2014).

[3] Ind. Code § 35-48-4-11(a)(1) (2014).

[3]     Officer Payne approached the driver's side of the vehicle and spoke with the driver, later identified as Cox. Officer Payne smelled alcohol and noted open bottles on the floorboard of Cox's vehicle. Officer Payne asked Cox if he had been drinking, and Cox indicated he had not. Officer Payne attempted to read the vehicle's Vehicle Identification Number ("VIN"). While he was trying to read the number, Officer Payne noticed Cox reached into the right front pocket of Cox's pants. Officer Payne testified the movement was consistent with someone who was trying to conceal an item or reach for a weapon.

[4]     Officer Payne asked Cox to exit the vehicle, and Cox refused. Officer Payne opened the door and pulled Cox's left arm to remove him from the truck. Officer Payne pulled Cox's left arm two or three more times, but Cox was using his right arm to "sturdy [sic] himself on the steering wheel actively resisting [Officer Payne] getting him out of the vehicle." (Tr. at 11.) Cox eventually exited the vehicle, and Officer Payne handcuffed him.

[5]     Officer Payne searched Cox's pocket and found a package of rolling papers and a hand-rolled marijuana cigarette. When asked about the marijuana cigarette, Cox replied, "So what that's mother fucking religious[.]" (*Id*. at 18.) Cox's vehicle was impounded and inventoried. The inventory revealed a large glass jar with marijuana in it, a digital scale, and a package of salve which contained Tetrahydrocannabinol ("THC"), a chemical found in marijuana. On May 29, 2015, the State charged Cox with Class A misdemeanor resisting law enforcement, Class B misdemeanor possession of marijuana, and Class A misdemeanor possession of paraphernalia.

[6] Cox represented himself throughout the proceedings.[4]  On September 11, 2015, Cox filed correspondence with the court asking for dismissal of the charges against him.  In it, he argued the resisting law enforcement charge violated his "[r]ight to travel and transport his property upon the public highways in the ordinary course of life and business."  (App. Vol. II at 48.)  He also argued the possession of marijuana charge violated his "Right to Freedoms of Thought, Conscience, Opinion & Expression."  (*Id*. at 53.)  The trial court denied his motion to dismiss.  On December 8, 2015, the trial court held a bench trial and found Cox guilty as charged.[5]

# Discussion and Decision

### I.  Cox's RFRA Arguments

Indiana Code Section 34-13-9-8, also referred to as RFRA, states:

> (a)  Except as provided in subsection (b), a governmental entity may not substantially burden a person's exercise of religion, even if the burden results from a rule of general applicability.

---

[4] Cox represented himself before the trial court despite the trial court's admonishment that "[Cox] would be well advised to hire an attorney to represent him in this matter.  If he cannot afford one, he should apply for pauper counsel."  (App. Vol. II at 56.)  It is well-settled pro se litigants are "held to the same standard as trained counsel."  *Ross v. State*, 877 N.E.2d 829, 833 (Ind. Ct. App. 2007), *trans. denied*.

[5] The trial court also granted Cox's motion to file a belated appeal.  Cox filed his appeal on April 25, 2016.

(b) A governmental entity may substantially burden a person's exercise of religion only if the governmental entity demonstrates that application of the burden to the person:

(1) is in furtherance of a compelling governmental interest; and

(2) is the least restrictive means of furthering that compelling governmental interest.

As part of his Summary of Argument on appeal, Cox argues:

Mr. Cox contends that as a natural born citizen, he has a constitutional right to freely hold any belief or view he chooses and that the government cannot interfere with his views or his ability to express those views.

Mr. Cox contends that as a natural born citizen, he has a constitutional right to freely move upon earth, more specifically in this case, to freely move upon a public road. The government has no authority to remove a right except through due process and its police powers.

Further, Mr. Cox relies upon any statutory law that grants him a similar right as the constitution, more specifically the Religious Freedom Restoration Act.

(Br. of Appellant at 8.) In his argument section, Cox reiterates the statements in his Summary of Argument, makes disjointed arguments about the issues, and cites very little case and statutory law to support his argument, and thus it is waived. *See* Indiana Appellate Rule 46(A)(8)(a) (requiring each issue presented by appellant to be "supported by cogent reasoning . . . [and] supported by

citations to authorities [and] statutes[.]"); *and see Matheney v. State*, 688 N.E.2d 883, 907 (Ind. 1997) (failure to make a cogent argument supported by citation to authority waives issue on appeal), *reh'g denied, cert. denied*.

[7] Waiver notwithstanding, while Cox seemingly presented some of these issues to the trial court in a pre-trial correspondence that the trial court accepted as a variety of motions, he did not, in that correspondence, argue these rights under RFRA, as he does on appeal. Thus, we are unable to address the application of RFRA to the charges against Cox on appeal. *See Goodner v. State*, 685 N.E.2d 1058, 1060 (Ind. 1997) (cannot raise issue for the first time on appeal); *see also Phillps v. State*, 22 N.E.3d 749, 762 (Ind. Ct. App. 2014) (appellant cannot argue one legal theory before the trial court and present a different theory on appeal), *trans. denied*.

## II. *Sufficiency of the Evidence*

[8] When reviewing sufficiency of evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the trial court's decision. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the fact-finder's role, and not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id*. To preserve this structure, when we are confronted with conflicting evidence, we consider it most favorably to the trial court's ruling. *Id*. We affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id*. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an

inference reasonably may be drawn from it to support the trial court's decision. *Id*. at 147.

## A. Class A Misdemeanor Resisting Law Enforcement

[9]     To prove Cox committed Class A misdemeanor resisting law enforcement, the State had to prove he "forcibly resist[ed], obstruct[ed], or interfer[ed] with a law enforcement officer . . . lawfully engaged in the execution of the officer's duties." Ind. Code § 35-44.1-3-1(a)(1) (2014). Cox argues "the interaction between him and the officer did not rise to a strong, powerful, or violent means to impede the officer in the execution of duties." (Br. of Appellant at 10.) However, in so arguing, Cox misapplies *Walker v. State*, 998 N.E.2d 724, 727 (Ind. 2013), on which he relies for his argument. While *Walker* holds "a person 'forcibly' resists, obstructs, or interferes with a police officer when he or she uses strong, powerful, violent means" to impede an officer in the lawful execution of his duties, the Court also said "this should not be understood as requiring an overwhelming or extreme level of force." *Id*. *Walker* goes on to state even a "modest level" of resistance might support a conviction of Class A misdemeanor resisting law enforcement. *Id*.

[10]    Here, Officer Payne testified:

> He advised me he was not gonna [sic] get out of the vehicle. I then reached for the door handle to open the door, he had ahold of the inside of the door however; I pulled the door away from him. Umm, I then again asked him to step out of the vehicle, he advised he would not step out of the vehicle. I grabbed ahold of his left arm and pulled two or three times to get him out of the

vehicle, but he was using his right arm to sturdy [sic] himself on the steering wheel[,] actively resisting me getting him out of the vehicle.

(Tr. at 11.) Cox's argument is an invitation for us to reweigh the evidence and judge the credibility of witnesses, which we cannot do. *See Drane*, 867 N.E.2d at 146 (appellate court cannot reweigh evidence or judge the credibility of witnesses). We conclude the State presented sufficient evidence to prove Cox committed Class A misdemeanor resisting law enforcement. *See Graham v. State*, 903 N.E.2d 963, 966 (Ind. 2009) ("even 'stiffening' of one's arms when an officer grabs hold to position them for cuffing would suffice").

### B. Class A Misdemeanor Possession of Paraphernalia

[11] To prove Cox committed Class A misdemeanor possession of paraphernalia, the State had to present evidence he "knowingly or intentionally" possessed "a raw material, an instrument, a device or other object that [he] intend[ed] to use for: (1) introducing into [his] body a controlled substance[.]" Ind. Code § 35-48-4-8.3(a)(1) & Ind. Code § 35-48-4-8.3(b) (2014). Cox argues "the [S]tate did not introduce sufficient evidence to show how the rolling papers would be used or that marijuana is defined as a controlled substance." (Br. of Appellant at 11.)

[12] "The intent to introduce a controlled substance into one's body may be inferred from circumstantial evidence." *Sluder v. State*, 997 N.E.2d 1178, 1181 (Ind. Ct. App. 2013). Here, the State presented evidence Cox "start[ed] to reach into his front right pocket of his pants," (Tr. at 9), while Officer Payne was reading the

VIN on his vehicle.  When asked what he was doing, Cox said he was not reaching into his pocket as Officer Payne had observed.  Officer Payne then asked Cox to exit the vehicle, and Cox resisted.  When Officer Payne searched Cox, he found "a package of rolling papers. . . [and] a hand rolled cigarette and from [his] training [and] experience as a law enforcement officer [he knew] the content of that cigarette to be marijuana." (*Id*. at 15.)  Officer Payne also testified when he confronted Cox about the hand-rolled cigarette, Cox replied, "that's mother fucking religious use right there buddy." (*Id*. at 18.)  Taken together, the evidence is sufficient to prove Cox intended to use the rolling papers to introduce marijuana into his body.  *See Atkinson v. State*, 810 N.E.2d 1190, 1194 (Ind. Ct. App. 2004) (noting the State "may have proved the offense under [the same section of the statute under which Cox was charged] in light of Atkinson's admission that he used the papers to smoke marijuana").

[13]   Further, the State presented evidence from Karen Bowen, a forensic chemist employed by the Indiana State Police, to prove the substance found in the hand rolled cigarette contained a controlled substance.  Bowen testified the hand rolled cigarette "was found to contain Tetrahydrocannabinol THC, a controlled substance, commonly found in marijuana, a controlled substance." (Tr. at 82.)  Cox's arguments are invitations for us to reweigh the evidence and judge the credibility of witnesses, which we cannot do.  *See Drane*, 867 N.E.2d at 146 (appellate court cannot reweigh evidence or judge the credibility of witnesses).

# Conclusion

[14] Cox's constitutional arguments are waived for failure to make a cogent argument. Waiver notwithstanding, he did not present the same arguments to the trial court and, thus, we are unable to address them. We conclude the State presented sufficient evidence Cox committed Class A misdemeanor resisting law enforcement and Class A misdemeanor possession of paraphernalia. Accordingly, we affirm.

[15] Affirmed.

Najam, J., and Bailey, J., concur.